PROSEN et al., Appellants,

v.

DIMORA et al., Appellees.*

[Cite as *Prosen v. Dimora* (1992), 79 Ohio App.3d 120.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59995.

Decided April 6, 1992.

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled in (1992), 65 Ohio St.3d 1408, 598 N.E.2d 1161.

*Joseph W. Diemert, Jr. & Assoc. Co., L.P.A., Joseph W. Diemert, Jr.* and *Thomas M. Hanculak,* for appellants.

*Charles E. Merchant* and *Katharine Lang Bettasso,* for appellees.

---

JAMES D. SWEENEY, Judge.

Plaintiffs-appellants, Robert Prosen and the Fraternal Order of Police ("F.O.P."), filed this appeal subsequent to the trial court's granting the motion to dismiss filed by defendants-appellees, Mayor Jimmy Dimora and the city of Bedford Heights.

Prosen was employed by the Bedford Heights Police Department as a patrolman. On February 23, 1989, the civil service commission was informed that Mayor Dimora, acting in his capacity as safety director, appointed Prosen to the position of lieutenant. By letter dated February 12, 1990, Dimora notified Prosen that his probationary promotion would not be made permanent, and returned him to the rank of patrolman. This letter was pursuant to Section 12.2 of the Rules and Regulations of the Bedford Heights Police Department, which states there is no right to appeal to the civil service commission.

On March 20, 1990, Prosen and the F.O.P. filed a complaint in common pleas court. Count one of the complaint was for relief pursuant to R.C. Chapter 2506 as an administrative appeal, count two sought a declaratory judgment, and count three alleged Prosen was wrongfully discharged from his rank of police lieutenant.

The city of Bedford Heights has adopted a charter pursuant to Section 7, Article XVIII of the Ohio Constitution. The city charter creates a civil service commission.

The relevant portions of the Bedford Heights City Charter are as follows:

"SECTION 4.02. EXERCISE OF POWERS.

"The powers of this municipality may be exercised in the manner prescribed in this Charter; or, if not prescribed herein, in such manner as the Council may prescribe. The powers of this municipality may also be exercised, except

as a contrary intent appears in this Charter or in the enactments of the Council, in such manner as may now or hereafter be provided by the General Laws of Ohio."

"SECTION 7.07.05. APPOINTIVE DUTIES OF MAYOR.

"The Mayor shall appoint all officers and employees of the Municipality, except members, officers and employees of the Council, the Clerk–Treasurer and Director of Law and their assistants.

"All persons appointed by the Mayor, except those whose terms of office are fixed by this Charter or by law, may be promoted, transferred, reduced or removed by the Mayor, subject however, to the Civil Service provisions of this Charter."

"SECTION 8.04.06. RULES AND REGULATIONS OF DEPARTMENT OF PUBLIC SAFETY.

"The Director of Public Safety shall make, publish and adopt written rules and regulations for the government of the Divisions of Police, Fire and Building Engineering and Inspection."

"SECTION 9.02.01. UNCLASSIFIED SERVICE.

"The unclassified service shall include the following:

" * * *

"9. Any employees serving probationary periods provided, however, that when an employee is terminated from a probationary position and the employee had held a civil service position with the City of Bedford Heights at the time of appointment to the probationary position, the employee shall revert back to the civil service position held with the City at the time of appointment."

"SECTION 9.02.03. CLASSIFIED SERVICE.

"The Classified Service shall comprise all positions or offices not specifically included in the unclassified service."

"SECTION 9.03. RULES OF COMMISSION.

"The Civil Service Commission shall make necessary rules for the appointment, promotion, transfer, layoffs, reinstatement, suspension and removal of persons in the classified service."

"SECTION 9.04. RULES OF PROCEDURE.

"The Commission shall provide rules and regulations of procedure for the Commission, for standardization and classification of positions, for competitive and non-competitive tests, for qualifications in meeting reasonable requirements as to age, sex, physical condition and moral character, for investigating and keeping a record of the efficiency of the personnel in the classified service

and for requiring reports relative thereto from appointing authorities, for such other rules as may be necessary and proper for the enforcement of the merit system, for appeals from the action of appointing authorities in the case of transfer, reduction or removal and action of the Commission on any such appeal shall be final."

Pursuant to Section 8.04.06, the mayor, as the director of public safety, set forth rules and regulations for the government of the police department. Section 12.2, which is relevant to this appeal, states:

*"Probationary Periods*

"All officers appointed or promoted shall be on probation for a period of one year from the date of appointment or promotion. During such probationary periods, appointed officers shall be subject to removal and promoted officers shall be subject to demotion by the Mayor without appeal to the Civil Service Commission. In the case of promotion, officers shall comply with the Bedford Heights residency requirement."

The rules and regulations of the Civil Service Commission for Bedford Heights do not contain any provision for placing an officer on probation.

Appellants set forth one assignment of error:

"The trial court erred in dismissing appellants' complaint and administrative appeal.

"a. No legal probationary period exists in Bedford Heights for police officers who have been promoted.

"b. If there is no valid probationary period for promoted police officers in Bedford Heights, the trial court had jurisdiction to hear appellants' administrative appeal pursuant to R.C. Chapter 2506.

"c. Since counts two and three of appellants' complaint set forth cognizable causes of action, the trial court erred in extending sua sponte appellees' motion to dismiss the 2506 appeal to the remaining counts."

In the trial court, appellees filed a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. Civ.R. 12(B)(1), (6).

"The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380, citing *Steffen v. General Tel. Co.* (1978), 60 Ohio App.2d 144, 14 O.O.3d 111, 395 N.E.2d 1346." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644.

 Subject-matter jurisdiction may be raised *sua sponte* at any stage of the proceedings by the trial judge. *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 2 O.O.3d 408, 358 N.E.2d 536. And, in setting forth the standard for reviewing a motion under Civ.R. 12(B)(6), the Supreme Court recently held in *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229–230, 551 N.E.2d 981, 982–983:

"As a threshold matter, it is clear that we must, as a matter of law, accept all the allegations of appellant's complaint to be true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Further, in *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, we held:

" 'In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * * ' (Citation omitted.)"

A trial court is not empowered to *sua sponte* grant a motion to dismiss under Civ.R. 12(B)(6) without notice to the plaintiff and an opportunity to respond. See *Lundy v. Lederle Laboratories, Div. of American Cyanamid Co.* (1988), 54 Ohio App.3d 192, 561 N.E.2d 1027.

 Appellant first contends that since Section 7.07.05 of the charter states that any promotions, transfers, reductions or removals from office are subject to the civil service provisions, and the civil service provisions make no mention of probation, and that no proper probationary period existed. If no probationary period was enacted, appellant remained a classified civil servant, and could not have his rank reduced without a civil service hearing.

Appellant's reasoning is flawed for several reasons. First, that the mayor's authority as to promotions, transfers, reductions and removals is subject to that of the civil service commission does not speak to the issue of whether or not a proper probationary period can be created elsewhere. Probation does not necessarily fall within the scope of any of the other categories specifically listed in charter Section 9.03, and therefore, a probationary period is not limited to determination by the civil service commission.

In addition, appellant has completely disregarded Section 8.04.06 of the charter which gives the mayor, as the director of public safety, the authority to publish and adopt rules and regulations for the governance of the police department. The mayor was well within his authority under the charter to provide for a probationary period for police officers in the police regulations.

The police regulations also specifically state that promoted officers on probation are subject to demotion without appeal to the civil service commission. Appellant, therefore, was precluded from pursuing such a remedy.

Section 9.02.01 of the charter, *supra,* states that any employee serving a probationary period is considered unclassified. An unclassified employee is not afforded the protection of the civil service regulations. See *State ex rel. Canfield v. Frost* (1990), 53 Ohio St.3d 13, 557 N.E.2d 1206.

■ Appellant contends that the trial court had subject-matter jurisdiction to hear his appeal under R.C. 2506.01. We disagree. As the Ohio Supreme Court stated in *State ex rel. Rieke v. Hausrod* (1979), 59 Ohio St.2d 48, 49, 13 O.O.3d 35, 35–36, 391 N.E.2d 736, 737:

"However, a limitation has been placed upon the right to appeal under R.C. 2506.01. In the first two paragraphs of the syllabus in *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150 [61 O.O.2d 394, 290 N.E.2d 562], this court held the following:

" '1. The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01. (*Fortner v. Thomas,* 22 Ohio St.2d 13 [51 O.O.2d 35, 257 N.E.2d 371 (1970) ], approved and followed.)

" '2. Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.' "

As in *Rieke, supra,* there is no judicial or quasi-judicial proceedings in the case *sub judice;* therefore, an appeal does not lie under R.C. 2506.01. The trial court correctly granted the motion to dismiss under Civ.R. 12(B)(1) as to the first count of appellants' complaint.

Lastly, appellants argue that the trial court improperly dismissed the second and third counts of the complaint as both set forth cognizable causes of action. Essentially, appellants contend that the judge should not have granted appellees' Civ.R. 12(B)(6) motion as to these counts.

However, as stated in *Lundy, supra,* a judge may not *sua sponte* grant a motion to dismiss for failure to state a claim upon which relief can be granted. Since the judge is presumed to know the law (see *State v. Englehart* [Dec. 12, 1991], Cuyahoga App. No. 59641, unreported, 1991 WL 263931, and *State v. Otis* [Jan. 23, 1992], Cuyahoga App. No. 59685, unreported, 1992 WL 10285), we find that the judge granted appellees' motion based on Civ.R. 12(B)(1).

Any error committed by the judge in so doing was waived, as appellants have not raised the issue on appeal.

Appellants' assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARPER and PRYATEL, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.