OPINION
Appellant Spring Industries, Inc. ("Spring") is appealing the decision of the Tuscarawas County Court of Common Pleas that granted The Ohio Department of Transportation's ("ODOT") motion to dismiss. The following facts give rise to this appeal.
Appellant Spring owns real estate located in Midvale, Tuscarawas County, on which was operated an asphalt manufacturing facility. Appellee ODOT purchased asphalt from Appellant Spring and used it as part of its road building activities. Between 1954 and 1984, in connection with its purchasing activities, Appellee ODOT conducted quality-assurance testing activities at the Midvale site. To conduct these tests, Appellee ODOT used a chemical known at Tri-Chloroethylene. This chemical was used to strip the liquid asphalt off the asphalt mix. Appellant Spring alleges that over this thirty-year period, Appellee ODOT either dumped or spilled Tri-Chloroethylene contaminating the groundwater underneath the Midvale facility.
Appellant Spring filed a complaint on November 20, 1997, seeking money damages, under the Ohio Voluntary Cleanup of Contaminated Property Statute ("VAP"). Appellee ODOT filed a motion to dismiss on February 4, 1998, on the basis that the Tuscarawas County Court of Common Pleas did not have jurisdiction to hear this matter under the Court of Claims Act. Following a hearing on Appellee ODOT's motion to dismiss on June 22, 1998, the trial court issued a judgment entry on September 14, 1998, sustaining Appellee ODOT's motion to dismiss.
Appellant Spring timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE OHIO LEGISLATURE HAS NOT EXPRESSLY CONSENTED TO THE STATE OF OHIO BEING SUED IN THE COURT OF COMMON PLEAS UNDER THE VOLUNTARY CLEAN-UP OF CONTAMINATED PROPERTY STATUTE (VAP STATUTE) R.C. 3746 ET SEQ., AND THAT THEREFORE THE COURT LACKS JURISDICTION OVER SPRINGS (SIC) COMPLAINT.
 II. THE TRIAL COURT ERRED IN FINDING THAT PURSUANT TO R.C. 2743, ET SEQ., THE OHIO COURT OF CLAIMS HAS EXCLUSIVE ORIGINAL JURISDICTION OVER SPRING'S CLAIM FOR CIVIL DAMAGES AGAINST THE STATE OF OHIO FOR CLAIMS BROUGHT PURSUANT TO OHIO'S VAP STATUTE.
 Standard of Review
Appellee ODOT sought dismissal in the trial court under Civ.R. 12(B)(1). This rule permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal for want of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. Prosen v. Dimora (1992), 79 Ohio App.3d 120,123; State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,80. It is based on this standard that we review appellant's two assignments of error.
 I, II
We will address both of appellant's assignments of error simultaneously as both concern the issue of jurisdiction. Appellant maintains, in its first assignment of error, the trial court erred when it determined the Ohio General Assembly did not expressly consent to the State of Ohio being sued in the courts of common pleas pursuant to R.C. 3746 et seq. In its second assignment of error, appellant contends the trial court erred in finding the Ohio Court of Claims has exclusive original jurisdiction for claims brought pursuant to Ohio's VAP statute. We agree with both assignments of error.
Appellant argues the issue presented in this case is whether under R.C. Chapter 3746 the Tuscarawas County Court of Common Pleas has subject matter jurisdiction to award money damages against Appellee ODOT. Appellant maintains the VAP statute, enacted twenty years after the Ohio Court of Claims statute, provides that the State of Ohio can be sued in the court of common pleas in the county where the state caused environmental contamination of the property.
Appellee ODOT contends that although the VAP statute includes the State of Ohio within the definition of persons who may be sued, the VAP statute is insufficient to effectuate a waiver of Ohio's sovereign immunity to suits in the courts of common pleas because the statute does not expressly and unequivocally state that the state's liability under the VAP statute should be determined in the courts of common pleas.
We find several provisions of R.C. Chapter 3746 support the conclusion that the Tuscarawas County Court of Common Pleas has jurisdiction over this matter. First, R.C. 3746.01(H), addressing definitions, defines "person" as:
 * * * any person as defined in section 1.59 of the Revised Code and also includes this state, any political subdivision of this state, any other body of this state or of a political subdivision of this state, the board of directors of a nonprofit corporation governing a special improvement district created under Chapter 1710. of the Revised Code, and the United States and any agency or instrumentality thereof.
Clearly, ODOT meets the definition of "person" as defined in R.C.3746.01(H).
Next, an "owner and operator" includes any "person". Finally, R.C. 3746.23(C) provides that:
 (C) A civil action authorized by this section shall be commenced in the court of common pleas of the county in which is located the property at which the voluntary action is conducted.
The above statutes, read in conjunction, support appellant's argument that the trial court and not the Court of Claims has jurisdiction over this matter. Although under the Court of Claims Act, R.C. 2743.02(A)(1) vests exclusive subject matter jurisdiction in the Court of Claims, for suits previously barred by sovereign immunity, R.C. Chapter 3746 expressly allows for suits for recovery of costs of conducting a voluntary action.
R.C. Chapter 3746 creates this cause of action and specifically provides that suits brought under R.C. Chapter 3746 "shall be commenced" in the common pleas court where the property is located. The waiver of sovereign immunity in R.C. 2743.02 does not create a cause of action against the state for recovery of costs of conducting the voluntary action. Rather, R.C. Chapter 3746 specifically created this right and limits the jurisdiction to the common pleas courts. Accordingly, the common pleas court has jurisdiction over this matter. The trial court should not have granted appellee's motion to dismiss pursuant to Civ.R. 12(B)(1).
Appellant's first and second assignments of error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P.J., Gwin, J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 39
JUDGMENT ENTRY
CASE NO. 1998AP100109
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
______________________________
______________________________
 ______________________________ JUDGES