OPINION
Plaintiff-appellant Joseph Rivera appeals the August 10, 2000 Judgment Entry of the Stark County Court of Common Pleas which granted summary judgement against him and in favor of defendants-appellees Ohio Counsel 8, American Federation of State, County, and Municipal Employees, AFL-CIO (OC8); and Local 2198, AFSCME, AFL-CIO's (hereinafter collectively referred to as "Unions"). The August 10, 2000 Judgment Entry also granted the Motion to Dismiss/Motion for Summary Judgment of defendant-appellee Francis V. Fisher, Stark County Engineer (hereinafter "Engineer").
 STATEMENT OF THE CASE AND FACTS
On June 8, 2000, appellant filed a complaint in the Stark County Court of Common Pleas against appellees. Appellant alleged the Engineer breached the collective bargaining agreement negotiated between the Engineer and the Unions by taking two separate disciplinary actions against appellant. In the third count, appellant alleged the Unions violated the collective bargaining agreement negotiated between the Engineer and the Unions by failing to fairly and adequately represent appellant in the aforementioned grievance matters. In his brief to this Court, appellant further argues the third count of his complaint also included a cause of action for a breach of agreement between appellant and the Unions separate from any breach of the collective bargaining agreement. On July 7, 2000, the Unions filed a Motion to Dismiss and/or for Summary Judgment. On July 13, 2000, the trial court notified the parties a non-oral hearing on summary judgment and pending motions for summary judgment would be held on July 21, 2000. Appellant responded to the Unions' motion on July 20, 2000. On August 7, 2000, the Engineer filed his Motion to Dismiss pursuant to R.C. 12(B)(1) and 12(B)(6). In an August 10, 2000 Judgment Entry, the trial court granted the Unions' Motion to Dismiss and/or Motion for Summary Judgment and the Engineer's Motion to Dismiss. It is from this judgment entry appellant prosecutes his appeal assigning the following as error:
 I. THE TRIAL COURT DEPRIVED APPELLANT OF HIS DUE PROCESS RIGHT TO BE HEARD BY DISMISSING APPELLANT'S COMPLAINT AGAINST APPELLEE ENGINEER PRIOR TO THE EXPIRATION OF TIME FOR APPELLANT TO FILE HIS RESPONSE TO APPELLEE ENGINEER'S MOTION TO DISMISS.
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT AGAINST APPELLEE ENGINEER AND DETERMINING AS A MATTER OF LAW THAT THE S.E.R.B. HAD EXCLUSIVE JURISDICTION OVER APPELLANT'S CLAIMS AGAINST APPELLEE ENGINEER.
 III. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT AGAINST APPELLEE UNIONS AND DETERMINING AS A MATTER OF LAW THAT THE S.E.R.B. HAD EXCLUSIVE JURISDICTION OVER APPELLANT'S CLAIMS AGAINST APPELLEE UNIONS.
 IV. THE TRIAL COURT ERRED BY FAILING TO GIVE APPELLANT NOTICE THAT IT WAS CONVERTING APPELLEE UNIONS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.
 I
In appellant's first assignment of error he maintains the trial court erred in dismissing his complaint against the Engineer prior to the expiration of time for appellant to file a responsive brief to the Engineer's motion. We agree. Stark County Local Rule 10.03 provides, in pertinent part: Within fourteen (14) days after service, each party opposing the motion shall serve and file a brief written statement of reasons in opposition to the motion and a list of citations of the authorities on which the party relies. * * *
The trial court ruled on the Engineer's Motion to Dismiss three days after the motion had been filed. Accordingly, we find the trial court denied appellant his due process rights in failing to follow Stark Local Rule 10.03 by failing to provide appellant with an opportunity to respond to the Engineer's motion. For a similar results see State v. Pless (1993), 91 Ohio App.3d 197. Appellant's first assignment of error is sustained.
 II
In appellant's second assignment of error he maintains the trial court erred in dismissing appellant's complaint against the Engineer and determining as a matter of law S.E.R.B. had exclusive jurisdiction over appellant's claims against the Engineer. In light of our disposition of appellant's first assignment of error, we find appellant's second assignment of error to be premature.
 III
In appellant's third assignment of error he maintains the trial court erred in dismissing appellant's complaint against the Unions. Specifically, appellant takes issue with the trial court's finding appellant's claims were subject to the exclusive jurisdiction of S.E.R.B. pursuant to R.C. 4117. We disagree. Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal for want of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. Prosen v. Dimora (1992), 79 Ohio App.3d 120, 123, 606 N.E.2d 1050; State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77 . This determination involves a question of law that we will review de novo. Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304, 306. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting it into a motion for summary judgment. Southgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus. As stated by the Supreme Court in Franklin County Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 7 (1991), 59 Ohio St.3d 167:1. The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117.
 2. If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.
Paragraph 1 and 2 of the syllabus.
In reaching this conclusion, the Supreme Court analyzed R.C. 4117, the statute at issue in the matter sub judice. The Supreme Court reasoned: * * * In short, R.C. Chapter 4117 has created a series of new rights and set forth the remedies and procedures to be applied regarding those rights. Pursuant to Fannan and Fletcher, supra, those remedies and procedures are exclusive. As indicated above, the aforementioned procedures created in R.C. Chapter 4117 do not provide for the filing of a private action in the common pleas court. Accordingly, we hold that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117.
More fundamentally, plaintiffs simply have not asserted any claims that fall outside the scope of R.C. Chapter 4117. That chapter was meant to regulate in a comprehensive manner the labor relations between public employees and employers. Necessarily, then, it was not meant to give SERB exclusive jurisdiction over claims that a party might have in a capacity other than as a public employee, employer, or union asserting collective bargaining rights. Thus, as a matter of jurisdiction, if a party asserts rights that are independent of R.C. Chapter 4117, then the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. Of course, even if a common pleas court has jurisdiction, R.C. 4117.10(A) in some cases may preempt the party's independent claim.
Plaintiffs asserted * * * the FOP did not "fairly and adequately represent" the sheriff's department employees.* * * [This] claim depended on the FOP's duty under R.C. 4117.11(B)(6) to fairly represent all employees in the bargaining unit.
* * *
In other words, as pleaded, plaintiffs' claim* * * was inextricably intertwined with rights purportedly created and imposed by R.C. Chapter 4117. Because plaintiffs' claims were dependent on the framework established in R.C. Chapter 4117, plaintiffs were limited to the remedies and procedures provided in that chapter and the common pleas court was without jurisdiction. (Citations omitted). Id. at 170-171.
In his complaint, appellant maintains he paid money directly to the Unions in exchange for their offer and promise to represent him. Appellant claims this offer, acceptance, and exchange of consideration resulted in a contract being formed between appellant and the Unions, a contract which appellant maintains "was breached when the unions failed in the contractual obligation to fairly and adequately represent him." Appellant's Brief at 10. Appellant further maintains the Unions' alleged breach of their duty of fair representation was an element of his breach of contract claim. Because a breach of contract claim is a common law claim, appellant argues the claim was not subject to the exclusive jurisdiction of S.E.R.B. In light of the reasoning set forth in Franklin County Law Enforcement Assn., supra, we conclude any potential common law cause of action for breach of contract which appellant may have plead in his complaint, was "inextricably intertwined" with and dependent upon the rights created by R.C. 4117. Because appellant's claims were dependent on the framework established in R.C. 4117 and duties created under the collective bargaining agreement, we find appellant was limited to the remedies and procedures provided in R.C. 4117. Accordingly, we agree the trial court was without jurisdiction over this claim. Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the trial court erred in failing to give appellant notice it had converted the Union's Motion to Dismiss into a motion for summary judgment. Appellant withdrew this assignment of error at oral argument. Accordingly, appellant's fourth assignment of error is overruled. The August 10, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and reversed in part.
This matter is remanded for further proceedings consistent with our opinion and the law.
Hoffman, P.J. Farmer, J. and Milligan, V.J. concur