MOODY, Appellant,

v.

**VILLAGE OF FRAZEYSBURG, Ohio, Appellee.**

[Cite as *Moody v. Frazeysburg,* 167 Ohio App.3d 106, 2006-Ohio-3028.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2005–0037.

Decided June 12, 2006.

John M. Prelac, for appellant.

D. Scott Rankin, for appellee.

FARMER, Judge.

{¶ 1} Appellant, Dennis Moody, was employed as a police officer with appellee, the village of Frazeysburg, Ohio. On February 8, 2005, appellant was terminated.

{¶ 2} On February 28, 2005, appellant filed a complaint against appellee claiming wrongful discharge. On April 6, 2005, appellant filed a motion for default judgment for appellee's failure to answer or otherwise plead in a timely manner.

{¶ 3} On May 19, 2005, appellee filed a motion for leave to file an answer and a motion to dismiss the complaint for lack of subject-matter jurisdiction for appellant's failure to first appeal to a legislative authority. On same date, the trial court granted appellee leave to file an answer. By journal entry filed July 6, 2005, the trial court granted appellee's motion to dismiss.

{¶ 4} Appellant filed an appeal, and this matter is now before this court for consideration. His assignment of error is as follows:

{¶ 5} "The trial court erred in granting the defendant's motion to dismiss on the ground that the court lacked jurisdiction over the subject matter of the complaint."

{¶ 6} Appellant claims the trial court erred in dismissing his complaint for lack of subject-matter jurisdiction. We agree.

{¶ 7} Before we address the merits of this assignment of error, there are procedural irregularities that are of interest. Appellee failed to timely answer the complaint, and appellant moved for default judgment on April 6, 2005. The trial court set a hearing on the motion for May 23, 2005. Appellee then filed a motion for leave to file an answer and otherwise plead on May 19, 2005. The trial

court granted the motion on the same date and never addressed the motion for default judgment.

{¶ 8} We find that, having complied with the civil rules, appellant had a right to have his motion for default judgment heard and decided. "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint* (1980), 62 Ohio St.2d 209, 215, 16 O.O.3d 244, 404 N.E.2d 752.

{¶ 9} Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1). Civ.R. 12(B)(1) permits dismissal when the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal for want of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Prosen v. Dimora* (1992), 79 Ohio App.3d 120, 606 N.E.2d 1050; *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. This determination involves a question of law that we will review de novo. *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 666 N.E.2d 304. Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and may consider material pertinent to the inquiry without converting it into a motion for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

{¶ 10} Appellant based his complaint on R.C. 737.19, which states the following:

{¶ 11} "(B) Except as provided in section 737.162 of the Revised Code, the marshal of a village has the exclusive right to suspend any of the deputies, officers, or employees in the village police department who are under the management and control of the marshal for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause.

{¶ 12} "If an employee is suspended under this section, the marshal immediately shall certify this fact in writing, together with the cause for the suspension, to the mayor of the village and immediately shall serve a true copy of the charges upon the person against whom they are made. Within five days after receiving this certification, the mayor shall inquire into the cause of the suspension and shall render a judgment on it. If the mayor sustains the charges, the judgment

of the mayor may be for the person's suspension, reduction in rank, or removal from the department.

{¶ 13} "Suspensions of more than three days, reduction in rank, or removal from the department under this section may be appealed to the legislative authority of the village within five days from the date of the mayor's judgment.* * *

{¶ 14} "At the conclusion of the hearing, the legislative authority may dismiss the charges, uphold the mayor's judgment, or modify the judgment to one of suspension for not more than sixty days, reduction in rank, or removal from the department.* * *

{¶ 15} "In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated.* * * "

{¶ 16} Appellant argues that appellee failed to follow the statutory procedures for the termination of police officers, thus failing to invoke the jurisdictional provisions of R.C. 737.19(B). Appellant claimed his suspension was not certified in writing to the mayor, the cause of the suspension was not listed, he was not served a true copy of the charges, the mayor did not conduct an inquiry, and the mayor failed to render a judgment. Appellee argues that appellant's complaint was correctly dismissed because the trial court lacked subject-matter jurisdiction, since appellant failed to first appeal to a legislative authority pursuant to R.C. 737.19(B).

{¶ 17} Appellant's complaint claims violations by appellee of the very statutory authority that appellee seeks protection under in its Civ.R. 12(B) motion. Therefore, the gravamen of this appeal is whether an appointing authority that is governed by the mandates of R.C. 737.19 can seek the defense of exhaustion of administrative remedies when the face of the complaint alleges that the appointing authority has violated the specific requirements of the statute.

{¶ 18} In *Wiseman v. Waynesville* (April 21, 1982), Warren App. No. 456, 1982 WL 3110, our brethren from the Twelfth District reviewed an appointing authority's appeal in which the trial court considered a police officer's dismissal without a decision from a legislative authority and found the dismissal of the police officer to be illegal pursuant to R.C. 737.19:

{¶ 19} "The appellant's argument is based upon the supposition that the mayor's action on the night of the appellee's dismissal qualifies as a judgment within the dictates of R.C. 737.19(B). However, we find that the legislature intended that the mayor's duties include more than just having knowledge of the contents of a letter of suspension, being present when the employee receives such

a letter, and telling the employee that she wished things could have been worked out.

{¶ 20} "R.C. 737.19(B) requires the mayor to inquire into the cause of the suspension and to render a judgment upon it. The obvious meaning is that the inquiry should be made after the mayor receives a certification of the fact that there has been a suspension. Furthermore, the legislature intended that the mayor 'render a judgment' on the suspension. The appellant would have us believe that the mayor's simple statement to the appellee upon his suspension qualifies as a judgment. We do not agree.

{¶ 21} "A judgment implies that the mayor has engaged in at least an informal inquiry into the situation, has contemplated the facts and issues involved, and has then issued what can at least be classified as a quasi-formal decision. In other words, one which is in writing, which lists a simple statement of the facts and issues involved, and which concludes that the suspension is either justified or not justified. It is clearly apparent that the appellant did not meet even the most minimal statutory requirements in rendering a judgment on this issue."

{¶ 22} In reviewing the complaint, the factual allegations of which are accepted as true and all reasonable inferences are drawn in favor of appellant, we find that a general denial of the allegations in an answer does not establish that appellee followed the mandates of R.C. 737.19 in order to invoke the jurisdictional provisions of the statute. Based upon a Civ.R. 12(B)(1) standard of review, we find that the defense of failure to exhaust administrative remedies under R.C. Chapter 737 is not available sub judice.

{¶ 23} Upon review, we find that the trial court erred in dismissing appellant's complaint pursuant to Civ.R. 12(B)(1).

{¶ 24} The sole assignment of error is granted.

{¶ 25} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded.

Judgment reversed
and cause remanded.

HOFFMAN, P.J., and BOGGINS, J., concur.