[Cite as *Reichert v. Lauren Internatl., Ltd. Edgetech, I.G., Inc.*, 2012-Ohio-4731.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GERHARD REICHERT | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant/ | : | Hon. Sheila G. Farmer, J. |
| Cross-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | |
| LAUREN INTERNATIONAL, LTD., | : | Case No. 12AP030019 |
| EDGETECH, I.G., INC. | : | |
| | : | |
| Defendants-Appellees/ | : | |
| Cross-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
Pleas, Case No. 2009CV101040

JUDGMENT:       Affirmed/Reversed in Part &
Remanded

DATE OF JUDGMENT:       October 9, 2012

APPEARANCES:

For Plaintiff-Appellant

SCOTT R. AUSTN
7799 Glenmore Drive
Powell, OH 43065

STEPHEN W. FUNK
222 South Main Street
Akron, OH 44308

For Defendants-Appellees

WILLIAM S. CLINE
JUDE B. STREB
KRISTEN MOORE
Millennium Center-Suite 300
200 Market Avenue North
P.O. Box 24213
Canton, OH 44701-4213

*Farmer, J.*

{¶1}   On November 16, 1989, appellant, Gerhard Reichert, and his partner Michael Glover, principals of a company called Edgetech I.G. Ltd., entered into a Purchase Agreement with 170619 Canada Ltd. and appellee, now known as Lauren International, Ltd., wherein 170619 Canada Ltd. agreed to purchase Edgetech I.G. Ltd. and appellee Lauren agreed to purchase the principals' patent and technology rights to a foam spacer product marketed as "Super Spacer."  In exchange, appellant and Mr. Glover received royalty rights and employment pursuant to an Employment Agreement with 170619 Canada Ltd., which later became Edgetech I.G. (1989) Ltd.  The Purchase and Employment Agreements were entered into in Ontario, Canada.

{¶2}   In 1994, appellee Lauren formed a new wholly-owned subsidiary corporation in Ohio called Edgetech I.G., Inc., appellee herein.  Appellant began working for appellee Edgetech that same year.

{¶3}   A dispute arose between the parties over the calculation of the royalty payments.  On December 15, 2006, appellee Lauren filed an "Application" in Ontario, Canada, seeking an interpretation of the Purchase Agreement regarding the royalty payments.  The outcome of this Canadian action found appellee Lauren had been properly calculating the amounts and it did not owe appellant any additional payments. The Canadian action ended on October 23, 2008.

{¶4}   On October 21, 2009, appellant filed a complaint against appellees in the Court of Common Pleas for Tuscarawas County, Ohio, claiming breach of contract (Count I), unjust enrichment (Count II), and promissory estoppel (Count III).  Appellant also sought an accounting and production of corporate books and records (Count IV).

{¶5} On December 17, 2009, appellees filed a motion to dismiss Counts I, II, and III for lack of subject matter jurisdiction as the counts arose under the parties' Purchase and Employment Agreements and Ontario would have jurisdiction over both agreements with exclusive jurisdiction over the Employment Agreement.

{¶6} On April 19, 2010, appellee Edgetech filed a motion for summary judgment on Count IV as appellant was not a shareholder and therefore had no right to inspect its books and records.

{¶7} By judgment entry filed September 21, 2010, the trial court dismissed Count II of the complaint, finding it was governed by the forum selection clause of the Employment Agreement which was Ontario.

{¶8} On September 27, 2010, appellant filed a motion for leave to amend Count II of the complaint.

{¶9} On September 30, 2010, appellees filed a motion for summary judgment on Counts I and III of the complaint. Appellees claimed Count I was barred by Ontario's two year statute of limitations for breach of contract claims and Counts I and III were barred by res judicata based upon the Ontario action.

{¶10} By judgment entry filed February 10, 2011, the trial court denied appellant's motion for leave to amend Count II of the complaint, dismissed Counts I and III, finding appellant's claims were barred under the doctrine of res judicata, and dismissed Count IV as to Edgetech, finding appellant did not have any statutory rights to inspect the books and records of appellee Edgetech.

{¶11} On November 23, 2011, appellee Lauren filed a motion for summary judgment on Count IV, claiming appellant was seeking to inspect its books and records

for an improper purpose.  By judgment entry filed February 29, 2012, the trial court granted the motion.

{¶12} Appellant filed an appeal on March 9, 2012 and assigned the following errors:

I

{¶13} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IN COUNT I OF THE COMPLAINT."

II

{¶14} "THE TRIAL COURT ERRED IN DISMISSING COUNT II OF THE COMPLAINT BASED UPON A NON-APPLICABLE 1989 EMPLOYMENT AGREEMENT."

III

{¶15} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT."

IV

{¶16} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM IN COUNT III OF THE COMPLAINT."

V

{¶17} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON COUNT IV OF THE COMPLAINT."

{¶18} Appellees filed a cross-appeal on March 16, 2012 and assigned the following errors:

CROSS-ASSIGNMENT OF ERROR I

{¶19} "THE TRIAL COURT ERRED WHEN IT REFUSED TO APPLY THE TWO YEAR STATUTE OF LIMITATIONS OF THE PROVINCE OF ONTARIO, CANADA, THE SITUS OF THE EXECUTION AND PERFORMANCE OF THE CONTRACT AND THE PHYSICAL LOCATION OF THE MAJORITY OF THE CONTRACTING PARTIES, TO THE BREACH OF CONTRACT CLAIM OF PLAINTIFF WHEN THE EXPRESS TERMS OF THE CONTRACT SPECIFIED THAT ONTARIO LAW WOULD APPLY EXCEPT FOR ISSUES RELATING TO ESCROW."

CROSS-ASSIGNMENT OF ERROR II

{¶20} "WHERE AN AGREEMENT FOR THE SALE OF PATENT RIGHTS IS FUNDAMENTALLY LINKED TO THE AGREEMENT FOR THE EMPLOYMENT OF THE PATENT RIGHT HOLDER BY THE PURCHASER, AND WHERE THE AGREEMENTS MUST BE INTERPRETED AND APPLIED TOGETHER TO DETERMINE THE RIGHTS OF THE PARTIES, AND BOTH AGREEMENTS EXPRESSLY STATE THAT THE COURTS OF THE PROVINCE OF ONTARIO, CANADA HAVE JURISDICTION OVER THE RIGHTS OF THE PARTIES, IT IS ERROR FOR THE TRIAL COURT TO FAIL TO APPLY THE EXCLUSIVE JURISDICTION PROVISION OF THE EMPLOYMENT AGREEMENT TO THE PURCHASE AGREEMENT.  THE TRIAL COURT THEREFORE ERRED WHEN IT FOUND THAT COUNTS I AND III OF APPELLANT'S COMPLAINT WERE NOT SUBJECT TO THE EXCLUSIVE JURISDICTION CLAUSE OF THE EMPLOYMENT AGREEMENT OF APPELLANT."

{¶21} This matter is now before this court for consideration.

I, IV

{¶22} Appellant claims the trial court erred in granting summary judgment to appellees on Counts I and III of the complaint, finding the claims were barred pursuant to the doctrine of res judicata.

{¶23} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶24} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶25} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶26} "The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.* (1995) 73 Ohio St.3d 379, 381. Claim

preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, citing *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.' " *Krahn,* at 107, quoting *Goodson v. McDonough Power Equipment, Inc.* (1983), 2 Ohio St.3d 193, 195.

{¶27} It is appellees' position that the Ontario decision estopped appellant from arguing his claims in Counts I and III of his complaint. Count I of appellant's complaint was for breach of contract wherein he alleged he was not paid the full amount due under the Purchase Agreement. Count III was for promissory estoppel wherein appellant alleged he had made "concessions" to purchase payments due and owing during the course of some fourteen years and appellees' president, Kevin Gray, promised to make up the concessions in the future. Appellant argues he relied on the promises and is now due monies that were due him as a result of the Ontario decision.

{¶28} Appellees argue their initiation of the Ontario action required appellant to defend the claims or be forever barred. Upon review of the October 22, 2007 Ontario Superior Court of Justice decision, we find Justice Smith delineated the issues as follows:

{¶29} "The Court must therefore interpret the meaning of s. 2.02 (b) of the Agreement whereby Lauren acquired the assets of Edgetech I.G. Ltd. ('Edgetech') and the Principal Patent Rights from Michael Glover and Gerhard Reichert in 1989, and decide the following issues:

{¶30} "(a) Does Lauren's obligation to make the royalty payment of 1% of the gross monthly sales of 'Super Spacer' Products in a jurisdiction terminate when the patent for 'Super Spacer' Products expires in that jurisdiction?

{¶31} "(b) Is Lauren required to continue to make royalty payments to Reichert, based on the gross monthly sales of 'Super Spacer' Products in all jurisdictions worldwide, as long as there remains at least one valid Schedule H patent in any jurisdiction in the world?

{¶32} "(c) Is Lauren required to continue to make the royalty payments to Reichert until the expiry of any patent registered for an improvement or extension to any of the Schedule H patents for 'Super Spacer' Products developed and registered after the sale had been completed and while Reichert was employed by Edgetech (1989)?"

{¶33} The claims in Counts I and III were not the subject matter of the Ontario action.   The Ontario Superior Court of Justice order dated October 22, 2007 was restricted to the expiration of the patents and the royalty payments owed to appellant:

{¶34} "1. THIS COURT ORDERS that Lauren is entitled to stop including sales of insulating foam spacers for insulated glazing units, also known as 'Super Spacer' Products, in the United States to calculate the royalty payments due the Reichert pursuant to Section 2.02(b) of the Agreement of Purchase and Sale dated December 1, 1989 (the 'Agreement'), as of September 22, 2006, the date upon which the patent for 'Super Spacer' Products (U.S. Patent 4,831,799 & U.S. Patent 5,007,217) expired in the United States.

{¶35} "2. THIS COURT FURTHER ORDERS that the patents developed by Reichert, while he was an employee of either Edgetech I.G. Ltd. or Edgetech I.G. (1989)

Ltd., do not constitute extension patents within the meaning of section 2.02(b) of the Agreement and does not extend the time period that Lauren is required to make monthly royalty payments to Reichert.

{¶36} "3. THIS COURT FURTHER ORDERS that Lauren is not required to pay Reichert an aggregate amount equal to 1% (formerly 2%) of Lauren's Monthly Gross Sales of 'Super Spacer' Products in those jurisdictions where the patent rights, which were included in Schedule H of the Agreement and defined as the Principals' Patent Rights, have expired."

{¶37} It is true, as appellees attest, in appellant's "Factum" and affidavit prepared for the Ontario action, appellant alluded to the "concessions" made in exchange for future royalty payments from increased sales. This was in support of appellant's view that both he and appellee Lauren expected the royalties to be ongoing regardless of the expiration of the patent rights, thereby producing extrinsic evidence to bolster his interpretation of the royalty payment provisions of the Purchase Agreement. No claim was made that funds were shorted as a result of the concessions.

{¶38} Given the wording and arguments within appellant's Factum and affidavit, it was clear to appellant that the "concessions" were not compensable at the time of the filings, but were proof of the ongoing right to royalties regardless of the length of the patent rights. Therefore, it is appellant's position that his claims did not exist until the decision by the Ontario court that cut short the royalties received on sales. We note appellant filed the complaint sub judice within two years of the Ontario order.

{¶39} Given the totality of the evidence, the wording of appellees' Application to the Ontario Superior Court of Justice (attached to appellant's October 15, 2010

memorandum in opposition to motion for summary judgment as Exhibit A) suggests the sole issue was the right of appellees to terminate royalty payments under Section 2.02 of the Purchase Agreement:

{¶40} "e. In accordance with Section 2.02(b) and Section 2.04 of the Agreement, upon the expiry of the patents comprising the Principals' Patent Rights in the jurisdictions as noted in subparagraph (d) above, Lauren is no longer obligated to include, in the calculation of 1% of Monthly Gross Sales by Lauren of Super Spacer Products, sales of Super Spacer Products in those jurisdictions.

{¶41} "f. Reichert has objected to the reduction of the monthly amount he is to receive from the Applicants on the basis that the Applicant's interpretation of Section 2.02(b). Reichert claims entitlement to payment of 1% of Monthly Gross Sales by the Applicant of all 'Super Spacer' Products until all of the patents comprising of the Principals' Patent Rights have expired.

{¶42} "g. There is a dispute over the proper interpretation of Section 2.02(b) of the Agreement."

{¶43} Based upon these pleadings and their interpretation, we find neither collateral estoppel nor res judicata bars the litigation of Count I and III of appellant's complaint. Counts I and III are re-instated.

{¶44} Assignments of Error I and IV are granted.

II

{¶45} Appellant claims the trial court erred in granting appellees' motion to dismiss Count II, finding the Ontario court had exclusive jurisdiction over any Employment Agreement claims based upon the forum selection clause therein.

{¶46} Appellees filed a motion to dismiss Count II pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction. The standard of review for a dismissal for want of subject matter jurisdiction pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Prosen v. Dimora* (1992), 79 Ohio App.3d 120; *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77. This determination involves a question of law that we will review de novo. *Shockey v. Fouty* (1995), 106 Ohio App.3d 420. Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and may consider material pertinent to the inquiry without converting it into a motion for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.

{¶47} Appellees' December 17, 2009 motion to dismiss argued Section 1.04 of the Employment Agreement (attached to appellee's motion as Exhibit 2) vests exclusive jurisdiction in the Ontario courts:

{¶48} "Section 1.04 <u>Laws of Ontario</u>

{¶49} "This Agreement shall be governed by and construed in accordance with the laws in force in the Province of Ontario and shall be treated in all respects as an Ontario contract. The parties submit to the jurisdiction of the Courts of Ontario with respect to any dispute, claim or other matter arising under this Agreement and the

Courts of Ontario shall have exclusive jurisdiction with respect to any such dispute, claim or other matter."

{¶50} Appellant argues the 1989 Employment Agreement signed by 170619 Canada Ltd., which later became Edgetech I.G. (1989) Ltd., governed his employment in Canada, but not in the United States. Appellant further argues the trial court erred in concluding his present employer, appellee Edgetech, is closely related to the original obligator, 170619 Canada Ltd./Edgetech I.G. (1989) Ltd, as to make the provisions of the Employment Agreement enforceable.

{¶51} Count II of appellant's complaint is a claim for unjust enrichment. To recover under a theory of unjust enrichment, the complainant must prove: 1) he/she conferred a benefit on the defendant; 2) the defendant had knowledge of the benefit; and 3) the defendant retained the benefit under circumstances where it would be unjust for him/her to retain that benefit without payment. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179.

{¶52} Appellant's unjust enrichment claim was based upon the fact that he took annual salaries far below market value for his services for the years 1989 to 2006 as an employee of appellee Edgetech and he made the concessions on salary based upon his Purchase Agreement with appellees of 1% of the profits.

{¶53} The unjust enrichment claim arises out of the Employment Agreement and is subject to the provisions of the agreement if it is enforceable. " '[A]rising under' means 'stemming from' or 'originating in'. *See* Black's Law Dictionary 102 (7th ed.1999)." *Harris v. Allstate Insurance Company* (C.A.10, 2002), 300 F.3d 1183, 1190.

{¶54} We note in Article 2 of the Employment Agreement under Section 2.02, Remuneration, appellant was to be paid "dividends declared on shares of Lauren***held by or on behalf of the Executive***and of salary paid to the Executive***provided that, in no event, will the total remuneration payable to the executive hereunder exceed $40,000." The Employment Agreement, signed by appellant and 170619 Canada Ltd./Edgetech I.G. (1989) Ltd., is an attachment to the Purchase Agreement signed by appellant, appellee Lauren, Edgetech G.I. Ltd., 170619 Canada Ltd., and Michael Glover. The Purchase Agreement includes Section 6.06, Offer of Employment, and Schedule M, which lists appellant as "Vice President" for a remuneration of $20,000. We note it does not state which company he is a vice president of. The "Buyer" who agreed to offer employment in Section 6.06 is 170619 Canada Ltd./Edgetech I.G. (1989) Ltd. as set forth in the Purchase Agreement.

{¶55} Despite the now claimed non-existence of 170619 Canada Ltd./Edgetech I.G. (1989) Ltd., we conclude the Employment Agreement is still enforceable and a claim for unjust enrichment under the Employment Agreement is controlled by the forum selection clause, Ontario.

{¶56} The trial court did not err in granting appellees' motion to dismiss Count II of the complaint.

{¶57} Assignment of Error II is denied.

III

{¶58} Appellant claims the trial court erred in denying his motion to amend the complaint as to Count II.

{¶59} Civ.R. 15(A) governs amendments and states the following in pertinent part:

{¶60} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."

{¶61} The decision whether to allow a party leave to amend a complaint lies within the trial court's sound discretion. *National Bank of Fulton County v. Haupricht Bros.* (1988), 55 Ohio App.3d 249. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶62} In its judgment entry filed February 10, 2011, the trial court denied appellant leave to amend his complaint, finding the following:

{¶63} "The Court FINDS that permitting Plaintiff to amend his Complaint in response to the Court's Judgment Entry granting Defendants' Motion to Dismiss as to Count II of Plaintiff's Complaint would result in undue prejudice to Defendants."

{¶64} Appellant filed his complaint on October 21, 2009. On December 17, 2009, appellees filed their motion to dismiss for lack of subject matter jurisdiction as the counts in the complaint were subject to the exclusive jurisdiction of Ontario. More than nine months later, the trial court granted the motion to dismiss as to Count II. See,

Judgment Entry filed September 21, 2010. Appellant filed his motion for leave to amend six days later, seeking to clarify Count II by distinguishing between two distinct Edgetech entities, Edgetech I.G. (1989) Ltd. and appellee Edgetech. Appellant argues had he been able to do so, it would have been clear that the allegations in Count II did not relate to his employment with the Canadian Edgetech.

{¶65} In reading the trial court's September 21, 2010 judgment entry wherein it dismissed Count II, it is clear the trial court understood the two separate Edgetech entities and was aware that appellant's claims pertained to his employment with appellee Edgetech in Ohio.

{¶66} Because appellant waited over nine months to ask for leave to amend after appellees raised the issue of subject matter jurisdiction, we do not find the trial court acted unreasonably, arbitrarily or unconscionably in denying appellant's motion for leave to amend.

{¶67} Assignment of Error III is denied.

V

{¶68} Appellant claims the trial court erred in dismissing Count IV of his complaint.

{¶69} In its judgment entry filed September 21, 2010, the trial court stated the following in dismissing Count IV:

{¶70} "The Court FINDS that Plaintiff is not a shareholder of Edgetech and does not have a statutory right to inspect the records of Edgetech.

{¶71} "The Court FINDS that based upon its ruling regarding Defendants' Motion for Summary Judgment on Counts I and III of Plaintiff's Complaint, Plaintiff is not entitled

to an accounting from Edgetech for the sale of Super Spacer products because the Ontario Superior Court of Justice already determined that Lauren does not owe Reichert for the sale of Super Spacer products.

{¶72} "The Court further FINDS that no genuine issues of material fact remain regarding whether Plaintiff has a statutory right to inspect the records of Edgetech or is entitled to an accounting from Edgetech of all sales of Super Spacer products.

{¶73} "The Court FINDS, therefore, that Defendant Edgetech I.G., Inc.'s Motion for Summary Judgment on Count IV of Plaintiff's Complaint should be granted."

{¶74} Based upon our ruling on Counts I and III, Count IV is re-instated.

{¶75} Assignment of Error V is granted.

CROSS-ASSIGNMENT OF ERROR I

{¶76} Appellees claim appellant's action is barred by the two year statute of limitations for a suit on contract in Ontario.

{¶77} In Assignments of Error I and IV, we found the actual claims did not arise until there was a definitive ruling by the Ontario courts on the meaning of Section 2.02 of the Purchase Agreement. Further, the trial court found the applicable statute of limitations should be Ohio's fifteen years (R.C. 2305.06). The Purchase Agreement included a very limited governing law section:

{¶78} "Section 1.06 <u>Governing Law</u>. Save and except with respect to matters of Ohio law which may apply to the terms of the escrow described in Section 2.02 of this Agreement, this Agreement shall be governed by and construed in accordance with the laws in force in the Province of Ontario and shall be treated in all respects as an Ontario contract. The parties submit to the jurisdiction of the courts of Ontario with respect to

any dispute, claim or other matter arising under this Agreement and the courts of Ontario shall have non-exclusive jurisdiction with respect to any such dispute, claim or other matter."

{¶79} Upon review, we fail to find any error in denying appellees' statute of limitations issue.

{¶80} Cross-Assignment of Error I is denied.

### CROSS-ASSIGNMENT OF ERROR II

{¶81} Appellees claim the trial court erred in not granting their motion to dismiss Counts I and III under the exclusive jurisdiction provision of the Employment Agreement.

{¶82} As we noted in Cross-Assignment of Error I, the governing law and jurisdictional provision of the Purchase Agreement is much more limited and less restrictive than the provision in the Employment Agreement, Section 1.04, Laws of Ontario, cited supra under Assignment of Error II.

{¶83} Upon review, we find these more than subtle differences to be persuasive, and we concur with the trial court's analysis.

{¶84} Cross-Assignment of Error II is denied.

{¶85}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


_s / Sheila G. Farmer_____


_s / William B. Hoffman_____


_s / Julie A. Edwards_____

JUDGES


SGF/sg 831

[Cite as *Reichert v. Lauren Internatl., Ltd. Edgetech, I.G., Inc.*, 2012-Ohio-4731.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GERHARD REICHERT | : | |
| | : | |
| Plaintiff-Appellant/ | : | |
| Cross-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LAUREN INTERNATIONAL, LTD., | : | |
| EDGETECH, I.G., INC. | : | |
| | : | |
| Defendants-Appellees/ | : | CASE NO. 12AP030019 |
| Cross-Appellants | | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant, appellee Lauren International, Ltd., and appellee Edgetech, I.G., Inc.

s / Sheila G. Farmer_____

_s / William B. Hoffman_____

_s / Julie A. Edwards_____

JUDGES