OPINION
{¶ 1} Defendants-appellants, James Conrad, Administrator, Bureau of Workers' Compensation ("BWC"), and Q Machine, Inc., appeal the decision of the Butler County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Brian Faierman. We affirm the common pleas court's decision.
 {¶ 2} On March 29, 2001, appellee filed an application with the BWC for workers' compensation. Appellee alleged that he sustained a back injury on December 17, 2000, while in the course of his employment at Q Machine. According to appellee, he experienced severe lower back pain when he arrived for work on December 18, 2000. Appellee believed that his injury was the result of strenuous work performed on a manual milling machine the previous day. Appellee did not include medical records with his initial application.
 {¶ 3} The BWC subsequently sent appellee a questionnaire about his injury. The questionnaire asked appellee, "Was the injured worker performing regular job duties at the time of the injury? If no, please explain." Appellee responded as follows: "No — on 12-18-2000 I arrived at work at 7am in considerable lower back pain." The questionnaire also asked appellee, "Was the accident on the employer's premises? If no, please give the address of the accident location." Appellee responded as follows: "The day before I did a lot of physical work on my mach[ine]. That possibly led to my injury."
 {¶ 4} A BWC claims service specialist had multiple phone conversations with appellee. According to the specialist's notes, appellee indicated that he did not experience any pain on December 17, 2000 and could not remember a specific injury on that date, but that he experienced severe pain when he arrived for work on December 18, 2000. The specialist also talked to appellee's supervisor, who, according to the specialist's notes, stated his belief that appellee did not injure himself at work.
 {¶ 5} On April 5, 2001, the BWC denied appellee's claim for workers' compensation. In its decision denying the claim, the BWC stated the following: "The evidence does not support a finding that the employee sustained a physical injury or has contracted an occupational disease. Per conversation with injured worker, no physical injury occurred." Appellee did not appeal that decision.
 {¶ 6} On February 4, 2002, appellee filed a second application for workers' compensation with the BWC based on the same injury. Appellee attached medical records in support of his claim. Appellee stated in his application that the BWC was obligated to process his claim pursuant to Greene v. Conrad
(Aug. 21, 1997), Franklin App. No. 96-APE12-1780, 1997 WL 476703, and Industrial Commission Resolution R98-1-02.
 {¶ 7} On May 8, 2002, the BWC denied appellee's second application for workers' compensation, finding that Greene and Industrial Commission Resolution R98-1-02 did not apply. Appellee appealed the BWC's decision to the Industrial Commission, which affirmed the decision.
 {¶ 8} Appellee subsequently filed a complaint in the common pleas court, alleging that the BWC erroneously refused to process appellee's second application. Appellee filed a motion for summary judgment. The BWC and Q Machine also moved for summary judgment. In a decision issued October 3, 2003, the common pleas court granted appellee's motion for summary judgment, and denied the summary judgment motion of the BWC and Q Machine. The court found that, pursuant to Greene, appellee's second application was not barred by res judicata. Therefore, the court ordered the BWC to process appellee's claim and determine whether he is eligible for workers' compensation.
 {¶ 9} The BWC and Q Machine now appeal, assigning two errors.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred in granting summary judgment to faierman and in denying summary judgment to Q machine and the administrator, Bureau of Workers' Compensation, because Faierman's Workers' Compensation claim is barred by res judicata."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erroneously interpreted and appliedGreene v. Conrad when it found that appellee's second application was not barred by res judicata."
 {¶ 14} In their first assignment of error, appellants argue that res judicata was a bar to appellee's second workers' compensation application. In their second assignment of error, appellants argue that the common pleas court erroneously appliedGreene. Because appellants' assignments of error are closely related, we will address them together.
 {¶ 15} The common pleas court granted summary judgment to appellee. It is appropriate for a trial court to grant summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. An appellate court reviews a trial court's decision to grant summary judgment de novo. See Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440, 445.
 {¶ 16} Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." State ex rel. Kroger Co. v. Indus.Comm. of Ohio, 80 Ohio St.3d 649, 651, 1998-Ohio-174. Where there is a valid, final judgment rendered upon the merits, res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action. Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 17} The doctrine of res judicata applies to orders of administrative agencies, but only orders resulting from administrative proceedings that are judicial in nature, and where the parties had an ample opportunity to litigate the issues involved. Greene, 1997 WL 476703 at *3, citing Set Products v.Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 263. "The Second Restatement of Judgments adopts the doctrine of res judicata as to any `adjudicative determination by an administrative tribunal * * * only insofar as the proceedings resulting in the determination entailed the essential elements of adjudication.'" Greene, 1997 WL 476703 at *3, citing Restatement of the Law 2d, Judgments (1980), 266, Section 83. Res judicata can apply to orders resulting from workers' compensation proceedings. Cooper v. Administrator of Ohio Bureau of Workers'Compensation (May 30, 2000), Warren App. Nos. CA99-07-082 and CA99-09-108, 2000 WL 710082.
 {¶ 18} In Greene, the Tenth District Court of Appeals found that the BWC's denial of a plaintiff's initial application for workers' compensation did not bar a second application by that plaintiff based on the same injury. In Greene, the BWC denied the plaintiff's first application on the ground that the plaintiff had "not provided all the information requested by BWC to establish a claim." The plaintiff did not include any medical records with her initial application, though she did provide medical records with her second application. The court found that the BWC's decision denying the initial application was "ministerial" and not an adjudication on the merits of the claim. See Greene, 1997 WL 476703 at *6. Therefore, the court held that the denial of the first application did not have a res judicata effect on the second application. Id.
 {¶ 19} Following the Greene decision, the Industrial Commission adopted Resolution R98-1-02, which follows the rule inGreene. The resolution provides that the Industrial Commission should adjudicate the merits of a claim when the following scenario occurs:
 {¶ 20} (1) an initial claim is denied because "the claimant did not provide all the information requested by the Bureau of Workers' Compensation to establish a claim or for the reason that there was insufficient information submitted to establish a claim."
 {¶ 21} (2) no appeal is filed from the order denying the initial application.
 {¶ 22} (3) a second application is filed for the same incident.
 {¶ 23} (4) the BWC issues an order denying the second application.
 {¶ 24} Like the plaintiff in Greene, appellee did not provide in his first application information sufficient to establish a compensable claim. Specifically, appellee did not provide medical records. In its decision denying appellee's claim, the BWC stated that "the evidence does not support a finding that the employee sustained a physical injury or has contracted an occupational disease." The BWC's decision indicated that it was based on the specialist's conversation with appellee, who stated that he did not recall a specific injury on December 17, 2000.
 {¶ 25} We find that the BWC's initial decision was not an adjudication on the merits of appellee's claim. The BWC did not "adjudicate" the issue of whether appellee could prove through medical documentation that his injury was a result of workplace activity on December 17, 2000. Appellee did not have the opportunity to fully litigate that issue. The BWC only determined that no specific incident occurred on December 17, 2000. Appellee did not have the opportunity to show that while he could not recall a specific incident on December 17, 2000 that led to his injury, his injury may still have been caused by his workplace activities on that date.
 {¶ 26} Contrary to appellants' argument, we find our decision in Cooper distinguishable. In Cooper, the plaintiff's initial application for workers' compensation included medical records from two physicians. After reviewing the plaintiff's file, including the medical records, the BWC denied the claim. The BWC determined that the plaintiff had not sustained a compensable physical injury. The plaintiff subsequently filed a second application for workers' compensation based on the same injury, which the BWC denied. This court found that res judicata barred the second application. Cooper, 2000 WL 710082 at *3. InCooper, the BWC's initial decision, which took into account medical records, was an adjudication on the merits of the claim. In this case, the BWC's denial of appellee's first application, which did not take into account any medical documentation and was simply based on conversations with appellee, was not an adjudication on the merits of the claim.
 {¶ 27} Appellants are correct in stating that "[t]here is no requirement in Ohio that the Bureau consider medical evidence prior to denying a claim." Our decision does not create such a requirement. However, as in this case, when the Bureau denies a claim without considering medical evidence, its decision denying the claim might not have a res judicata effect on subsequent applications.
 {¶ 28} Workers' compensation law should be liberally construed in favor of employees. Bailey v. Republic EngineeredSteels, Inc., 91 Ohio St.3d 38, 40, 2001-Ohio-236. As the court found in Greene, we find that the BWC's decision denying appellee's first application was not a final adjudication on the merits. Therefore, appellee's second application was not barred by res judicata, and the common pleas court did not err in granting appellee's summary judgment motion. Accordingly, we overrule appellants' two assignments of error.
 {¶ 29} Judgment affirmed.
Walsh and Valen, JJ., concur.