[Cite as *Cremeans v. Contact Industries, Inc.*, 2012-Ohio-5874.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| KATHY CREMEANS | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-45 |
| CONTACT INDUSTRIES, INC. AND | : | |
| ADMINISTRATOR, BUREAU OF | : | |
| WORKERS' COMPENSATION | : | O P I N I O N |
| | | |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:      Administrative appeal from the Richland County Court of Common Pleas, Case No. 11CV979

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 10, 2012

APPEARANCES:

For Plaintiff-Appellant

ANDREW D. FUCHS
580 South High Street, Ste 200
Columbus, OH 43215

For Contact Industries, Inc.
JOHN TARKOWSKY
3 North Main Street, Ste 500
Mansfield, OH 44902

For Defendants-Appellees

MICHAEL DEWINE
Ohio Attorney General
KEVIN J. REIS
Assistant Attorney General
150 East Gay Street, 22nd Floor
Columbus, OH 43215-3130

*Gwin, P.J.*

{¶1} Plaintiff-appellant Kathy Cremeans appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed her appeal taken from a decision of appellee Bureau of Workers' Compensation denying her benefits. Her employer is appellee Contact Industries, Inc. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF-APPELLANT FAILED TO FILE A SECOND CLAIM APPLICATION."

{¶3} The trial court outlined the procedural history of this case in its judgment entry of May 18, 2012. The court found in her first report of injury appellant alleged she was injured while performing repetitive work on May 3, 2010. Her alleged injuries included a sprain of her neck, of her shoulder/arms, and of her elbow/forearm. Her first injury report was filed on October 11, 2010, over five months after the injury. The record also indicates appellant did not seek treatment for the injury until October 6, 2010.

{¶4} On November 4, 2010, the Bureau disallowed appellant's claim, noting appellant's doctor had stated he had seen appellant in his office for the same complaints starting "at the end of last year". The Bureau's decision also noted appellant had not submitted medical evidence to support a causal relationship between the accident and the alleged injury, in spite of the fact that medical information was requested on October 26, 2010 and October 29, 2010. The Bureau found appellant had not met her burden of proof.

**{¶5}** The decision also contained a notice that the decision would become final unless the appellant filed a written appeal within fourteen days of her receipt of the notice. Appellant did not file a timely appeal from this decision.

**{¶6}** On February 1, 2011, appellant filed an administrative C-86 motion, which brought the matter before the Ohio Industrial Commission. On April 2, a district hearing officer found appellant's claim should be disallowed. Appellant filed an appeal of that order and a staff hearing officer issued a decision on May 25, 2011, finding the claim must be disallowed. Both the district hearing officer and the staff hearing officer stated appellant's claim was denied on the merits of the medical and other evidence. They also found appellant's claim was not a second claim because appellant failed to establish the criteria set forth in Industrial Resolution R-98-1-02 and *Greene v. Conrad*, 10th Dist. No. 96APE12-1780, 1997WL476703 (August 21, 1997).

**{¶7}** The trial court entered summary judgment, finding as a matter of law appellant was not entitled to participate in the Workers' Compensation Fund.

**{¶8}** Generally, in reviewing an administrative body's decision on its merits, the Court of Common Pleas examines the record and determines whether the agency's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence. R.C. 2506.02. The court presumes the decision of the administrative agency is reasonable and valid. *Community Concerns Citizens, Inc. v. Union Township Board of Zoning Appeals,* 66 Ohio St. 3d 452, 456, 613 N.E. 2d 580 (1993).

**{¶9}** When the matter comes before us on the merits, we review the decision of the Court of Common Pleas as to questions of law and must affirm the court's

decision unless the lower court abused its discretion in finding an administrative board's decision is supported by the evidence. *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St. 3d 142, 147, 735 N.E. 2d 433 (2000).

**{¶10}** Here, the trial court determined it had no jurisdiction over the matter because the appeal was untimely and thus did not invoke the jurisdiction of the court. This presents a question of law, and we review the matter de novo. *Koos v. Central Ohio Cellular, Inc.,* 94 Ohio App. 3d. 579, 641 N.E. 2d 265 (8th Dist. 1994).

**{¶11}** The trial court found appellant failed to appeal the initial denial of the claim within the fourteen day period required by law. The court found it lacked subject matter jurisdiction unless appellant's failure to appeal can be excused pursuant to *Greene, supra.* The *Greene* case held that the denial of a claim for failure to provide requested information is not an adjudication of the claim on its merits. Under those circumstances, a claimant's subsequent filing is a second claim for the injury, rather than an appeal of the initial denial.

**{¶12}** The trial court found the Industrial Commission responded to the *Greene* case by enacting Resolution 98-1-02, which essentially mirrors the holding in *Greene.*

**{¶13}** The trial court found not only that appellant never filed a timely appeal from the original decision, but also found neither party provided any evidence or argument to the court that she ever filed a second claim application for the same incident or accident. The court found appellant's claims did not meet the *Greene* case's exception to the rule that a decision must be appealed within fourteen days or it becomes final.

**{¶14}** Appellant asserts the November 8, 2010 denial of her claim was not on the merits and for this reason, her C-86 constitutes a valid second claim under *Greene.* The Bureau argues its decision was on the merits and appellant's failure to file an administrative appeal renders the matter res judicata.

**{¶15}** The order of November 4, 2010 denying appellant's claim states both that appellant had failed to submit medical evidence to support a causal relationship between the accident and the alleged injury, and also that the Bureau had requested medical information on two occasions but appellant did not provide it.

**{¶16}** The Industrial Commission found the matter was determined on its merits because the denial was based upon the evidence appellant had presented, and the fact she did not seek treatment until five months after the date of the injury.

**{¶17}** In the *Greene* case, the injured worker presented no evidence in support of her claimed injury. The *Greene* court found for this reason, the Bureau had not reviewed the merits of her claim. We find this matter is not analogous to *Greene.* Here, appellant filed medical evidence that did not support her claim the injury was related to the alleged accident. The Bureau requested more information to give appellant the opportunity to supplement the evidence with documentation showing she was entitled to benefits. Appellant did not do so, and the Bureau denied her claim on its merits.

**{¶18}** We find the trial court was correct in determining because appellant's claim was originally denied on the merits the *Greene* exception does not apply to her subsequent administrative C-86 motion. Her present appeal was untimely and did not invoke the jurisdiction of the common pleas court.

**{¶19}** The assignment of error is overruled.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS

WSG:clw 1101

[Cite as *Cremeans v. Contact Industries, Inc.*, 2012-Ohio-5874.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KATHY CREMEANS | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CONTACT INDUSTRIES, INC. | : | |
| AND ADMINISTRATOR, | : | |
| BUREAU OF WORKERS' | : | |
| COMPENSATION | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-45 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS