[Cite as *Siembieda v. Coastal Pet Prods., Inc.*, 2013-Ohio-1629.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HALLE SIEMBIEDA |  |  |
|  | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Sheila G. Farmer, J. |
| -vs- | : |  |
|  | : |  |
| COASTAL PET PRODUCTS, INC. | : | Case No. 2012-CA-00128 |
|  | : |  |
| Defendant-Appellant | : |  |
| and | : | O P I N I O N |
|  | : |  |
| ADMINISTRATOR, BUREAU OF | : |  |
| WORKERS' COMPENSATION |  |  |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No.2011CV03436

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         April 22, 2013

APPEARANCES:

For Bureau of Workers' Compensation          For Coastal Pet Products

SUSAN BERES                                  DARRELL MARKIJOHN
Assistant Attorney General                   4100 Holiday Street N.W., Ste. 101
615 W. Superior Avenue, 11th Floor   Canton, OH  44718
Cleveland, OH  44113-1899


HALLE SIEMBIEDA
2500 Vine Street
Apartment 15
WDM, IA  50265

*Gwin, P.J.*

{¶1} Appellant Coastal Pet Products, Inc. appeals from the June 6, 2012 judgment entry issued by the Stark County Court of Common Pleas.

*Facts and Procedural History*

{¶2} In September of 2009, appellee Halle Siembieda worked at Coastal Pet Products as a machine operator. Appellant is a self-insured employer. On September 8, 2009, appellee sustained an injury to her hands while working on a hole punch machine. Appellee filled out and signed an "Employee Incident Report" on September 15, 2009. The incident report form was provided to her by appellant. Appellee stated she filled out the report because it was required by appellant after an injury occurred, not to file a workers' compensation claim. Appellee did not intend to file a workers' compensation claim because she did not need medical treatment at the time of the injury and was managing the pain and numbness in her hands at the time she filed the incident report.

{¶3} In the incident report, appellee stated she sustained the work-related injury to her hands while working on the hole punch machine. There is a question on the form specifically inquiring whether appellee intended to file a workers' compensation claim and appellee selected "don't know" as her answer.

{¶4} On October 27, 2009, appellant's third-party administrator filed the Employee Incident Report and First Report of Injury ("FROI-1") with the Bureau of Workers' Compensation ("BWC"). Appellee did not file the FROI-1. Appellant's third-party administrator completed, signed, and filed the FROI-1 with the BWC on behalf of appellee, utilizing the information from the Employee Incident Report. The third party

administrator electronically signed her own name, "Emily Taylor," in the space labeled "injured worker signature."

{¶5} On December 1, 2009, a District Hearing Officer held a hearing regarding the filed FROI-1. Appellee received notice of this hearing, requested the day of the hearing off work, and obtained directions to the hearing location. However, she did not appear at the hearing because she got lost and was forty-five minutes late for the hearing. She did not notify the Industrial Commission she would not appear at the hearing, but informed her boss the next day she did not attend the hearing. In an order dated December 1, 2009, the District Hearing Officer disallowed the claim, finding there was a lack of compensable diagnosis having been causally related to a compensable mechanism of injury by a medical provider. It is unclear from the record whether any evidence was taken at the hearing. Appellee did not appeal the December 1, 2009 order.

{¶6} On October 20, 2010, appellee filed a motion requesting the Industrial Commission exercise continuing jurisdiction of the FROI-1 pursuant to R.C. 4123.52, alleging a mistake of fact and law occurred because appellee did not complete or execute the FROI-1.

{¶7} On December 10, 2010, a District Hearing Officer held a hearing and concluded a mistake of law occurred because appellee had not executed the FROI-1. The District Hearing Officer exercised the Industrial Commission's continuing jurisdiction and dismissed the FROI-1 that was filed on October 27, 2009. Appellant appealed the order and a Staff Hearing Officer held a hearing on March 4, 2011. The Staff Hearing Officer vacated the District Hearing Officer's order and disallowed the claim. After

appellee appealed the Staff Hearing Officer's order, the Industrial Commission held a hearing on July 12, 2011. The Industrial Commission found a mistake of fact and a mistake of law occurred and dismissed the FROI-1 that was filed on October 27, 2009 because it was not signed by appellee. The order specifically states the "the claim is neither allowed, nor disallowed."

{¶8} Appellee filled out a second "Employee Incident Report" on March 24, 2010, alleging the same injury on the same hole punch machine with a new date of injury. Appelle testified she decided to file a claim with the BWC through the "Employee Incident Report" in 2010 because the pain and numbness in her hands got increasingly worse and she sought medical attention for her injury. This claim is currently pending with the Industrial Commission.

{¶9} Appellant filed its notice of appeal of the Industrial Commission's order on October 27, 2011. Appellee filed her Complaint in the Stark County Court of Common Pleas on November 30, 2011. Appellee filed a motion to dismiss the employer's appeal pursuant to Civil Rule 12(B)(1) on April 16, 2012, arguing the trial court lacked jurisdiction pursuant to R.C. 4123.512. The trial court granted appellee's motion to dismiss on June 6, 2012, finding it did not have jurisdiction pursuant to R.C. 4123.512.

{¶10} Appellant filed an appeal of the trial court's June 6, 2012 judgment entry dismissing the employer's appeal and raises the following assignment of error on appeal:

{¶11} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS AND FINDING THAT THE COURT LACKED JURISDICTION TO HEAR APPELLANT'S CASE."

**{¶12}** The trial court granted appellee's motion to dismiss pursuant to Civil Rule 12(B)(1) for lack of subject matter jurisdiction. The standard of review for dismissal for want of subject matter jurisdiction pursuant to Civil Rule 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Prosen v. Dimora*, 79 Ohio App.3d 120, 606 N.E.2d 1050 (1992); *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 537 N.E.2d 641 (1989). This determination involves a question of law that we review de novo. *Shockey v. Fouty*, 106 Ohio App.3d 420, 666 N.E.2d 304 (1995). Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶13}** R.C. 4123.512(A) provides a claimant or an employer may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas. The Supreme Court of Ohio has narrowly interpreted R.C. 4123.512 and concluded the "only decisions reviewable pursuant to R.C. 4123.519 [now 4123.512(A)] are those decisions involving a claimant's right to participate or to continue to participate in the fund." *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992). The Supreme Court of Ohio further clarified that "the only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, deny, or to terminate the employee's participation or continued participation in the system." *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 239, 602 N.E.2d 1141 (1992). This interpretation is consistent with the "goal of creating a workers' compensation system that operates largely outside the courts." *Id.*

{¶14} In *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 737 N.E.2d 519 (2000), the court clearly defined the issues that are appealable under R.C. 4123.512 and stated, "* * * any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue."  90 Ohio St.3d at 279.  The court specifically concluded, "we refuse to obscure the rule that R.C. 4123.512 permits only those appeals that concern whether the employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Id.* at 281.

{¶15} Appellant first argues the common pleas court has jurisdiction because the Industrial Commission's order effectively determines appellee's right to participate.  We disagree.  The Supreme Court of Ohio determined that not all decisions by the Industrial Commission involve the right to participate in the workers' compensation fund.  *Felty*, 65 Ohio St.3d 234, 602 N.E.2d 1141 (1992) (holding the Industrial Commission's decision not to suspend an employee's claim does not reach her right to participate in the fund and therefore, the commission's decision is not appealable to the common pleas court); *State ex rel. Liposchak*, 90 Ohio St.3d 276, 737 N.E.2d 519 (holding the denial of a claim for death benefits was not appealable to the common pleas court where the issue did not concern the causal connection between injury, disease, or death and employment); *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992) (holding a non-final order setting the matter for further hearing cannot be appealed under R.C. 4123.512).

{¶16} In this case, the ruling by the commission does not determine appellee's right to participate and specifically states the claim is "neither allowed, nor disallowed."

The decision by the commission does not prohibit appellee from receiving benefits and likewise does not permit appellee to receive workers' compensation benefits. The commission's decision does not finalize the allowance or disallowance of the employee's claim. Appellant potentially could succeed on their appeal in the 2010 claim and the Industrial Commission may ultimately disallow the claim by appellee for the injury to her hands. Given the language by the commission that the claim was "neither allowed, nor disallowed," there is no decision as to whether appellee's injury occurred in the course of and arising out of her employment.

{¶17} Based upon the holdings in the *Felty*, *Afrates*, and *Liposchak* cases, we find the commission did not grant, deny, or terminate the employee's participation or continued participation in the system.

{¶18} Appellant next argues the Industrial Commission used a procedural rule to change the finality of a previous decision on appellee's right to participate in the workers' compensation fund. Further, if the common pleas court does not have jurisdiction over the commission's decision, the employer is improperly deprived of the December 1, 2009 order's res judicata effect on future claims for the same injury. We disagree.

{¶19} In *Greene v. Conrad*, the court determined when the BWC denies a claim because applicant did not submit sufficient information to establish the claim or the investigatory stage of the claim has not yet been completed, res judicata does not bar a second claim for workers' compensation benefits though the injury in the second claim was the subject of a prior claim for benefits because the BWC failed to address the merits of the first claim. 10th Dist. No. 96APE12-1780 (August 21, 1997). In

subsequent cases, courts examined whether specific facts met the *Greene* test for a claim on the merits. *Godfrey v. Administrator, Bureau of Workers' Compensation*, 1st Dist. No. C-061055, 2007-Ohio-5575 (stating *Greene* did not apply because the BWC reviewed medical records during the first claim); *Faierman v. Conrad*, 12th Dist. Nos. CA2003-10-271, CA2003-10-272, 2004-Ohio-6319 (holding that when applicant did not provide medical records, the decision was not adjudication on the merits of applicant's claim); *Cremeans v. Contact Indus., Inc.*, 5th Dist. No. 2012-CA-45, 2012-Ohio-5874 (holding *Greene* was not applicable when applicant filed medical evidence that did not support her claim the injury was related to the alleged accident and failed to supplement the evidence when given the opportunity to do so) .

{¶20} In this case, there is no dispute that appellee did not appeal the Industrial Commission's order of December 1, 2009. However, we do not agree with appellant that the lack of jurisdiction to appeal to the common pleas court improperly denies them a res judicata defense to appellee's second claim for the same injury.

{¶21} This case is analogous to the *Greene* and *Faierman* cases in which the claimants did not submit medical records. The December 1, 2009 order of the District Hearing Officer states the claim is disallowed "based on the lack of a compensable diagnosis having been causally related to a compensable mechanism of injury by a medical provider." There is no evidence any medical records or medical evidence was submitted to the hearing officer. Appellee did not seek medical treatment in September of 2009 after the injury and returned to work immediately after the injury because the pain and numbness in her hands did not prohibit her from working. Thus, there was no medical evidence or records for appellee to submit to the hearing officer at the time of

the hearing because the injury did not become unmanageable to appellee and necessitate treatment until 2010. Appellee admitted she did not attend the hearing because she got lost and was forty-five minutes late. However, appellee specifically stated she did not intend to file a workers' compensation claim in September of 2009. She filled out the incident report because it was appellant's policy that an employee must fill out the incident form when an injury occurred.

{¶22} Accordingly, because the December 1, 2009 order was not on the merits, the lack of jurisdiction by the common pleas court does not improperly deny appellant a res judicata defense to appellee's second claim.

{¶23} Appellant finally argues the Industrial Commission's exercise of continuing jurisdiction pursuant to R.C. 4123.52 involves an individual's right to participate or continue to participate and can be appealed to the common pleas court. We disagree.

{¶24} The Industrial Commission has authority to reconsider previous decisions by a grant of continuing jurisdiction pursuant to R.C. 4123.52. However, the commission's continuing jurisdiction is not unlimited and can only be invoked in five scenarios, including: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. *State ex rel Nicholls v. Indus. Comm. of Ohio*, 81 Ohio St.3d 454, 692 N.E.2d 188. If a decision regarding continuing jurisdiction does not determine the right to participate, it is not appealable to the common pleas court. *Benton v. Hamilton Co. Edu. Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778 (2009) (holding the refusal by the commission to find employee fraud in order to exercise continuing jurisdiction is not a right-to-participate issue and the court of common pleas lacks jurisdiction to hear an appeal of the

decision). There is no adequate remedy at law when an applicant or employer alleges the commission improperly exercised continuing jurisdiction when the decision does not determine the right to participate. *State ex rel. Forrest v. Anchor Hocking Consumer Glass*, 10th Dist. No. 03AP-190, 2003-Ohio-6077. Accordingly, a challenge to the commission's exercise of continuing jurisdiction not deciding the right to participate is not properly before a common pleas court, but the employer may file a complaint in mandamus with the Tenth District Court of Appeals. *Benton*, 123 Ohio St.3d at 348, 916 N.E.2d 778; See also *State ex rel. Walls v. Indus. Comm.*, 90 Ohio St.3d 192, 2000-Ohio-51 (finding the commission's decision to permit an employer to file a late appeal of an order allowing the applicant workers' compensation benefits is not appealable to the common pleas court and is properly challenged in a writ of mandamus).

{¶25} Appellant cites *Valentino v. Keller* and *State ex rel. Consolidation Coal v. Indus. Comm. of Ohio*, for the proposition that the commission's decision to exercise continuing jurisdiction can be appealed to the common pleas court. 9 Ohio St.2d 173, 224 N.E.2d 748 (1967); 18 Ohio St.3d 281, 480 N.E.2d 807 (1985). However, we find these cases distinguishable from the instant case. The issue in these cases was whether the statute of limitations barred claimants from participating in the state insurance fund, effectively determining whether the claimants were barred from future participation in the fund or granted the right to participate in the fund. In this case, when the commission exercised its continuing jurisdiction, it determined there was a clear mistake of law or fact because the FROI-1 was not completed or signed by appellee as required by the Ohio Administrative Code. The commission specifically stated the claim was "neither allowed, nor disallowed." The decision of the commission to exercise

continuing jurisdiction did not, as in *Valentino*, effectively bar the claimant from future participation in the fund and did not, as in *State ex. rel Consolidation Coal*, effectively permit appellee to participate in the fund.

**{¶26}** We agree with appellee's position that appellant has the ability to challenge the commission's exercise of continuing jurisdiction in this case by filing a mandamus action with the Tenth District Court of Appeals. As noted above, the commission's exercise of continuing jurisdiction did not grant or deny appellee the right to participate or continue to participate. In a mandamus action in the Tenth District Court of Appeals, appellant can challenge the commission's exercise of continuing jurisdiction and the court can determine whether the decision finding the FROI-1 had to be signed and completed by appellee rather than appellant's third-party administrator was a mistake of law or fact sufficient to trigger continuing jurisdiction.

**{¶27}** Based on the foregoing, we find the trial court did not err in granting appellee's motion to dismiss the complaint. Appellant's Assignment of Error is overruled.

**{¶28}** The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0402

[Cite as *Siembieda v. Coastal Pet Prods., Inc.*, 2013-Ohio-1629.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HALLE SIEMBIEDA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| COASTAL PET PRODUCTS, INC. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-00128 |
| and | : | |
| | : | |
| ADMINISTRATOR, BUREAU OF | : | |
| WORKERS' COMPENSATION | : | |
| | : | |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Stark County Court of Common Pleas is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER