[Cite as *Hayton v. Reliable Staffing Resources*, 2018-Ohio-4985.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rickey Hayton, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-237 |
| | | (C.P.C. No. 16CV10670) |
| Reliable Staffing Resources et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 13, 2018

**On brief:** *Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Daniel A. Kirschner* and *Corey J. Kuzma*, for appellant. **Argued:** *Daniel A. Kirschner.*

**On brief:** *Barno Law LLC*, and *John C. Barno*, for appellees. **Argued:** *John C. Barno.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Rickey Hayton is appealing from the granting of a motion for summary judgment in his appeal of an adjudication that he is not permitted to participate in the workers' compensation system for the State of Ohio ("BWC"). He assigns a single error for our consideration:

> The Trial Court erred by granting Appellee Reliable Staffing
> Resources' Motion for Summary Judgment.

{¶ 2} Hayton was injured in 2014. He filed a workers' compensation claim alleging that he was injured on October 9, 2014 while working for Reliable Staffing Resources ("Reliable Staffing") disassembling printers. The BWC disallowed the claim.

{¶ 3} In May 2015, Hayton renewed his attempt to receive workers' compensation benefits. Reliable Staffing resisted, arguing that the claim was now barred by the doctrine of res judicata.

{¶ 4} The Industrial Commission of Ohio ("commission") disagreed and ordered that Hayton should receive benefits. Reliable Staffing appealed to the common pleas court of Franklin County, Ohio. A judge of that court granted summary judgment for Reliable Staffing, resulting in this appeal to the Tenth District Court of Appeals.

{¶ 5} Over 20 years ago, we addressed similar issues in *Greene v. Conrad*, 10th Dist. No. 96APE12-1780 (Aug. 21, 1997). In that case, we ruled that the doctrine of res judicata does not apply to the ministerial acts of the BWC as an administrative agency.

{¶ 6} Reliable Staffing argues that there are facts in this case which distinguished it from the *Greene* case. Its first argument is that the failure of Hayton to exhaust his administrative remedies in the first denial of benefits bars relief in the second application. If this were a mandamus action, this argument would be worthy of serious consideration. It is not.

{¶ 7} The commission found that Hayton was entitled to participate in the workers' compensation fund. Reliable Staffing then pursued an appeal of that finding by the commission, not a new action in mandamus.

{¶ 8} We note that in the *Greene* case, the claimant also did not pursue an administrative appeal but applied a second time for workers' compensation benefits. The commission followed its understanding of our *Greene* case in finding that Hayton could participate in the workers' compensation system.

{¶ 9} We do not find it to be significant that the paperwork before the commission listed two dates of injury, October 8, and 9, 2014. The finding by the BWC was a ministerial act as to either date. Based on our ruling in *Greene*, the finding of the BWC as to either date was a ministerial act not entitled to the status of judgment for purposes of the doctrine of res judicata. No court ruled that Hayton could not participate in the workers' compensation fund. In fact, the higher administrative agency, the commission, found Hayton *was* entitled to participate. If any entity is entitled to having its finding considered to be binding to the point of res judicata status, the commission is that entity, not the BWC. The commission has a full record to consider.

{¶ 10} The trial court simply deferred to the wrong entity's findings. Again, if any agency is entitled to having its findings be entitled to judgment status, it is the commission not the BWC.

{¶ 11} The sole assignment of error is sustained. The summary judgment granted for Reliable Staffing is vacated and the cause is remanded to the Franklin County Court of Common Pleas for further appropriate action.

*Summary judgment vacated; cause remanded.*

SADLER, J., concurs in part and concurs in judgment.
LUPER SCHUSTER, J., concurs in judgment only.

SADLER, J., concurring in part and concurring in judgment.

{¶ 12} Though I agree with the conclusion of the majority that our prior decision in *Greene v. Conrad*, 10th Dist. No. 96APE12-1780 (Aug. 21, 1997), requires reversal of the trial court's ruling under the particular facts of this case, I write separately because I believe the majority decision extends *Greene* beyond its intended scope. Our decision in *Greene* does not stand for the proposition that the doctrine of res judicata can never be asserted as a bar to a successive application seeking workers' compensation benefits for the same injury. Rather, *Greene* holds that a denial by the Bureau of Workers' Compensation ("BWC") of an application for benefits does not bar a successive claim based on the same injury where the BWC's administrative determination of the first application cannot be fairly construed as an adjudication of the claim.

{¶ 13} In *Greene*, the BWC denied Greene's first application for benefits because she did not submit any medical evidence in support of the application and subsequently failed to "provide[] all the information requested by BWC to establish a claim." *Id.* Greene did not appeal the denial of her first application, but she did file a second application which was identical to the earlier one "except that she included medical records." *Id.* The BWC denied Greene's second application for lack of jurisdiction, and Greene appealed to a district hearing officer ("DHO"). The DHO determined that res judicata barred Greene's second application for benefits because the BWC had previously denied an identical application, and Greene had not appealed the BWC determination. Greene's subsequent appeal to the Ohio Industrial Commission ("commission") was denied.

{¶ 14} Greene appealed the order of the commission to the Franklin County Court of Common Pleas. The court of common pleas determined res judicata did not bar Greene's second application for benefits because BWC's denial of claimant's first application "did not serve as an adjudication of appellee's claim." *Id.* The court of common pleas reasoned that the BWC's denial of Greene's first application was "ministerial in nature" because Greene "did not have an opportunity to fully and fairly litigate her claim." *Id.*

{¶ 15} In affirming the trial court's judgment, this court explained the appeal did "not require us to decide whether the procedures established by statute and rule resulting in orders granting or denying the payment of compensation or benefits pursuant to R.C. 4123.511(B)(1) are such that no such BWC order could ever be given preclusive effect under the doctrine of *res judicata*." (Emphasis sic.) *Id.*[1] Rather, the question before this court was whether the BWC's processing of the first application was of a judicial nature and the parties had ample opportunity to litigate the issues involved. This court found the BWC "notes" from Greene's first application "delineate[d] an investigative, rather than adjudicative procedure." *Id.* In *Greene*, we held "the mere administrative processing of [Greene's first] application under R.C. 4123.511(B)(1) by the bureau's claims examiner, which culminated in the denial of the claim for failure to provide requested information, was not an adjudication by a judicial or quasi-judicial entity entitled to *res judicata* effect." (Emphasis sic.) *Id.*

{¶ 16} By contrast, in *Cooper v. Admr. of Ohio Bur. of Workers' Comp.*, 12th Dist. No. CA99-07-082 (May 30, 2000), a case cited by Reliable Staffing, the BWC denied the claimant's first application for benefits after reviewing medical evidence previously submitted to the BWC and finding that such evidence did not support a compensable injury. The claimant did not timely appeal the BWC determination but subsequently filed a second application seeking benefits for the same injury. The BWC determined it lacked jurisdiction to consider the second claim, and the commission ultimately denied claimant's appeal.

---

[1] R.C. 4123.511(B)(1) states: "Except as provided in division (B)(2) of this section, in claims other than those in which the employer is a self-insuring employer, if the administrator determines under division (A) of this section that a claimant is or is not entitled to an award of compensation or benefits, the administrator shall issue an order no later than twenty-eight days after the sending of the notice under division (A) of this section, granting or denying the payment of the compensation or benefits, or both as is appropriate to the claimant."

{¶ 17} In reviewing the court of common pleas' decision granting summary judgment for the commission, the Twelfth District held that the BWC determination of claimant's first application was a "valid, final judgment that was rendered on the merits of the claim," and res judicata barred claimant's second application seeking benefits for the same injury. *Id.* The court of appeals distinguished *Greene* stating that "this case does not fit within the parameters of the *Greene* decision [because] [u]nlike *Greene*, appellant provided medical evidence with his first application for benefits, enabling the BWC to decide his application on the merits." *Cooper.*

{¶ 18} The rule of law in *Greene* is applicable only where the particular facts establish that the BWC's administration of the claim is ministerial in nature, not adjudicative. The *Greene* case does not stand for the proposition that the BWC's denial of a claim is always ministerial in nature and may never be considered an adjudication of the claim for purposes of res judicata. Rather, the determination whether the BWC's denial of a claim is an adjudication of a claim or merely a ministerial act is a determination that must be made on a case-by-case basis under the particular facts of each case. *See Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 28 (*Greene* explained).

{¶ 19} In this case, as was the case in *Greene*, appellant did not submit any medical evidence in support of his first application, claim No. 14-863493. The BWC "notes" regarding claim No. 14-863493 indicate that appellant filed notice of the claim on December 8, 2014. The BWC "notes" also contain a notation on December 31, 2014 entitled "Pended Medical" indicating that the claim is "pended for additional supporting documentation." (Ex. D at 5, attached to Mot. For Summ. Jgmt.) The "notes" further indicate that on January 5, 2015, Jeffrey H. Caufield, M.D., conducted a claim review. In his claim review, Dr. Caufield concludes as follows:

> In my medical opinion, based on a careful review of the medical file within a reasonable degree of medical certainty, there is not sufficient medical documentation on file to support a work related injury. *He was initially seen at an ER without filing a claim. That medical is not on file and I do not recommend allowance to this claim without it.* There is no [First Report of Initial Injury] and the employer has rejected the claim.

(Emphasis added.)[2]  (Ex. E at 2, attached to Mot. For Summ. Jgmt.)

{¶ 20}  On the same day Dr. Caufield's claim review was filed with the BWC, the notes show the BWC issued an Initial Claim Denial letter stating: "The claim is being denied, as according to Dr. Caufield's medical review 'there is not sufficient medical documentation on file to support a work related injury.' "  (Ex. D. at 4, attached to Mot. For Summ. Jgmt.)

{¶ 21}  A review of the BWC proceedings on appellant's first application for benefits reveals that the BWC conducted an investigation of the claim, not an adjudicative procedure.  As was the case in *Greene,* the first application was denied while additional supporting medical documentation was pending. As was the case in *Greene,* the BWC's administrative processing of appellant's first application culminated in the denial of the claim because a medical review revealed "[in]sufficient medical documentation on file to support a work related injury."[3]  (Ex. E at 2, attached to Mot. For Summ. Jgmt.)

{¶ 22}  In my view, the BWC's processing of the first application did not provide the parties with an opportunity to litigate the issues involved.  Accordingly, I find res judicata did not bar appellant's second application seeking benefits for the same injury because the BWC's denial of appellant's first application was a ministerial act, not an adjudication by a judicial or quasi-judicial entity entitled to res judicata effect.  For the same reason, appellant's failure to exhaust his administrative remedies with respect to the first application for workers' compensation was, therefore, of no consequence to the determination of appellant's second application. *Daniel* at ¶ 15-16.

{¶ 23}  Based on the foregoing, I agree with the majority that the judgment of the trial court should be reversed but do so for different reasons as stated above.

_____

[2] Appellant's "first report of an injury occupational disease or death" was not filed until February 28, 2015. It contains appellant's description of the injury and how the injury occurred but no medical evidence is attached thereto, and no treating physician is identified.

[3] The record in this case does not contain either the March 2, 2016 DHO order granting appellant's application in claim No. 14-871193 or the "notes" for claim No. 14-871193, but the staff hearing officer's and the commission's orders issued pursuant to Reliable Staffing's administrative appeal in that claim list the allowed conditions as right wrist sprain, right scapholunate ligament tear.