COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| JEFFREY L. KING | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2020CA00104 |
| REPUBLIC STEEL, ET AL | : | |
| | : | |
| Defendants-Appellees | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
                             Common Pleas, Case No.2019CV01240

JUDGMENT:                    Affirmed in part; Reversed and Remanded
                             In part


DATE OF JUDGMENT ENTRY:      March 18, 2021

APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

A. JAMES TSANGEOS                    KRISTINA M. HARLESS
1810 36th Street N.W.                TOD MORROW
Canton, OH 44709                     4580 Stephen Circle N.W., Ste. 300
                                     Canton, OH 44718


                                     SARAH E. THOMAS
                                     Assistant Attorney General
                                     Workers' Compensation Section
                                     615 West Superior Avenue
                                     Cleveland, OH 44113-1899

*Gwin, P.J.*

{¶1} Appellant Jeffrey L. King appeals the July 1, 2020 judgment entry of the Stark County Court of Common Pleas granting appellee Republic Steel's motion for summary judgment and overruling his cross-motion for summary judgment.

*Facts & Procedural History*

{¶2} Appellant is a brick layer and has worked at Republic Steel for thirty years.

{¶3} On December 17, 2017, appellant filed an initial application for benefits called a First Report of Injury ("FROI") with the Bureau of Workers' Compensation ("BWC") for an injury dated 5-16 for "pain in left hand." Dr. Seth signed the application and included a diagnosis. This was assigned Claim No. 17-221271. Appellant withdrew this FROI, without prejudice, on January 29, 2018.

{¶4} On December 22, 2017, appellant filed an application for benefits with the BWC for "pain in the left hand/carpal tunnel." The injury date was listed as May 1, 2016. The "treatment information" section of the application form is blank, and contains no diagnosis. This was assigned Claim No. 17-223150. Appellee, as a self-insured employer, rejected the claim on December 22, 2017, stating "no medical to support condition."

{¶5} Due to appellee's rejection of the claim, the claim was referred to the Industrial Commission ("IC") by the BWC. A District Hearing Officer ("DHO") held a hearing on January 26, 2018. Appellant did not appear at the hearing. He states in his affidavit he was unaware his attendance was mandatory. Appellant had a prior claim for carpal tunnel in 2006 and his attendance was not required at the hearing because the condition was allowed by the employer. Appellant avers that in 2006, Dr. Seth submitted

the medical records for his claim, and appellant assumed he would do the same in this case. The DHO denied Claim No. 17-223150 and stated as follows:

> The Hearing Officer finds that Claimant has provided insufficient probative medical evidence to substantiate the alleged conditions "carpal tunnel syndrome left" and "ganglion cyst left volar wrist" as being caused by his employment with the named Employer. This finding is based upon the lack of evidence currently on file regarding the mechanism of injury. The description of the accident on the FROI-I application says "pain in left hand." There is currently no medical on file other than the diagnoses provided by Ajay Seth, M.D., in the medical portion of the FROI application.

{¶6} Appellant did not appeal this denial.

{¶7} On October 24, 2018, appellant re-filed his application for benefits under Claim No. 17-221271. Appellant listed an injury date of 11-27-2017. The description of incident is, "repetitive joint motion and gripping/grasping as brick layer." Both appellant and Dr. Seth signed the application. The description of injury is "numbness and tingling in left hand and mass left wrist." Because the claim was a contested claim and appellee is self-insured, the BWC referred the claim to a DHO. Dr. Seth submitted medical records in support of appellant's claim. The DHO allowed the claim for "carpal tunnel left upper limb" and "ganglion cyst left volar wrist." The hearing officer found as follows:

> As a preliminary matter, the District Hearing Officer finds that the Industrial Commission has jurisdiction to adjudicate the issue noticed for today's hearing. Although Claimant has filed a similar claim application against the employer of record on claim number 17-223150, there has not been an

adjudication of the instant alleged date of injury or mechanism of injury. Thus, the issue is not res judicata.

It is the finding of this Hearing Officer that the Injured Worker has established that he contracted an occupational disease in the course of his employment. Injured Worker sustained injuries to his left upper extremity and wrist as the result of the repetitive nature of the job duties he performs as a bricklayer for the employer.

{¶8} Appellee appealed this determination. A staff hearing officer reversed the decision of the DHO and denied appellant's claim. The staff hearing officer found as follows:

In order to find a matter res judicata, there must be identity of the elements of the claim. In this case, the parties are the same. The issue is the same; to wit, allowance of claim. The FROI-1 does not distinguish between an injury or an occupational disease. In fact, the date of injury/disease is listed and the name of the application itself indicates that a filing addresses either an injury or an occupational disease. The issue presented by the Claimant's application is carpal tunnel syndrome. In both claims, the Claimant is alleging that he developed carpal tunnel syndrome and a ganglion cyst left volar wrist due to his job duties as a bricklayer. Additionally, the original application in the reference claim does not give specific information consistent with an injury. It is unclear why a date of "5-16" was given on the original application. However, 11/27/2017 is the date of the first medical visit with Dr. Seth and is the date that Dr. Seth diagnosed carpal tunnel

syndrome. Therefore, the Staff Hearing Officer concludes that a different date on the application is not dispositive in an occupational disease claim. The date of diagnosis of 11/27/2017 would have been appropriate in both claims.

The Staff Hearing Officer finds that the elements of the claim are identical. The only difference is that the Claimant attempted to create a distinction by changing the date on the subsequent applications in the instant claim. While this may be an issue in an injury claim, it does not create a distinction in an occupational disease claim where a diagnosis or date of disability is the controlling date.

As such, the Staff Hearing Officer finds that the matter is res judicata and re-adjudication of the same issue is barred.

{¶9} Appellant filed a notice of appeal and complaint with the Stark County Court of Common Pleas on June 11, 2019. Appellee filed an answer on July 8, 2019.

{¶10} Appellee filed a motion for summary judgment. Appellant filed a brief in opposition to appellee's motion for summary judgment and a cross-motion for summary judgment. Appellant filed an affidavit and accompanying exhibits with his cross-motion for summary judgment/opposition to appellee's motion for summary judgment.

{¶11} The trial court issued a judgment entry on July 1, 2020, sustaining appellee's motion for summary judgment and overruling appellant's cross-motion for summary judgment. The trial court found Claim No. 17-221271 is barred by the doctrine of res judicata because Claim No. 17-223150 was disallowed with a final judgment on the merits, and was never appealed by appellant.

{¶12} Appellant appeals the July 1, 2020 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT CLAIM NO. 17-221271 WAS BARRED BY THE DOCTRINE OF RES JUDICATA WHEN THERE HAD BEEN NO ADJUDICATION ON THE MERITS IN CLAIM NO. 17-223150.

{¶14} "II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CROSS MOTION FOR SUMMARY JUDGMENT WHEN APPELLANT PRESENTED EVIDENCE OF HIS RIGHT TO RECEIVE WORKERS' COMPENSATION FOR THE CONDITIONS OF CARPAL TUNNEL SYNDROME, LEFT, AND GANGLION CYST, LEFT VOLAR WRIST, AND APPELLEE FAILED TO PRODUCE ANY EVIDENCE TO REFUTE THE DIAGNOSIS OR CAUSAL RELATIONSHIP TO HIS EMPLOYMENT."

*Summary Judgment Standard*

{¶15} Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

{¶18} Appellant first argues the trial court committed error in granting appellee's motion for summary judgment on the basis that Claim No. 17-221271 was barred by the doctrine of res judicata. Pursuant to our de novo review, we agree with appellant.

{¶19} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *State ex rel. Kroger Co. v. Indus. Comm. of Ohio*, 80 Ohio St.3d 649, 687 N.E.2d 768 (1998). Where there is a valid, final judgment rendered on the merits, res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous case. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶20} In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Id.*

{¶21} The preclusive effect of res judicata applies to the following situations: (1) administrative proceedings that are judicial in nature, including workers' compensation proceedings before the Industrial Commission, where the parties have had ample opportunity to litigate the issues involved in the case; and (2) identical workers' compensation claims conclusively decided in a valid, final judgment on the merits. *State ex rel. Kroger Co. v. Indus. Comm. of Ohio*, 80 Ohio St.3d 649, 687 N.E.2d 768 (1998).

{¶22} In *Greene v. Conrad*, 10th Dist. Franklin No. 96APE12-1780, 1997 WL 476703 (Aug. 21, 1997), the court determined when the BWC denies a claim because the appellant did not submit sufficient information to establish the claim or the investigatory stage of the claim has not yet been completed, res judicata does not bar a second claim for workers' compensation benefits though the injury in the second claim was the subject

of a prior benefits claims because the BWC failed to address the merits of the first claim. The court in *Greene* cited both R.C. 4123.51 and R.C. 4123.511(A) and stated that claims "are filed with the BWC or the Industrial Commission." *Id.* In its decision, the court focused on whether the parties had an "ample opportunity to litigate the issues involved." *Id.*

{¶23} Following the *Greene* decision, the Industrial Commission adopted Resolution 98-1-02. This resolution provides the IC should adjudicate the merits of a claim when the following scenario occurs: (1) an initial claim is denied because the "claimant did not provide all the information requested by the Bureau of Workers' Compensation to establish a claim or for the reason that there was insufficient information submitted to establish a claim"; (2) no appeal is filed from the order denying the allowance of the claim; (3) a second application is filed for the same incident/accident; and (4) the BWC issues an order denying the second claim application, or dismisses the second claim application, or refers the second claim application to a District Hearing Officer as a contested claim matter. Ohio Indus. Comm. R98-1-02.

{¶24} In cases litigated subsequent to *Greene*, courts have examined whether specific facts meet the *Greene* test for a claim on the merits. *Cremeans v. Contact Indus., Inc.*, 5th Dist. Richland No. 2012-CA-45, 2012-Ohio-5874 (res judicata does not apply because appellant filed medical evidence that did not support her claim the injury was related to the accident, thus the original claim was denied on the merits); *Godfrey v. Adm., Ohio Bureau of Workers' Compensation*, 1st Dist. Hamilton No. C-061055, 2007-Ohio-5575 (res judicata and *Greene* does not apply when the BWC received and reviewed medical records and notes); *Faierman v. Conrad*, 12th Dist. Butler Nos. CA2003-10-271,

CA2003-10-272, 2004-Ohio-6319 (no adjudication on the merits of the initial BWC decision because appellee did not provide medical records in the first claim, so res judicata did not apply); *Marinkovic v. Diversified Inventory Solutions, Inc.*, 147 Ohio App.3d 497, 2002-Ohio-453, 771 N.E.2d 291 (9th Dist. Summit) (case does not fall within the parameters of *Greene* because the BWC denied the application after reviewing medical evidence and finding there was not sufficient evidence to show a causal connection between the injury and employment).

{¶25} Appellee contends res judicata does not apply in this case because Claim No. 17-223150 was decided by the IC, not the BWC. Based upon the specific facts of this case, we disagree. Unlike a claim of an employee of a state-funded employer, whose contested claim is referred to a BWC claims examiner "from which investigation and determination of issues" is made, a claim that a self-insured employer denies does not go to the BWC for investigation and determination of issues, but is referred by the BWC to the IC for a hearing. OAC 4123-3-09; OAC 4123-3-13. Resolution R98-1-02 contemplates a scenario when an employer is self-insured by including the language, "or refers the second application to a District Hearing Officer as a contested claims matter." Further, the Ohio Supreme Court and the Ohio Revised Code specifically state that "workers' compensation laws should be liberally construed in favor of employees." *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 741 N.E.2d 121 (2001); R.C. 4123.95.

{¶26} Additionally, this Court has previously applied the *Greene* analysis to a situation in which the employee of a self-insured employer did not appear at a hearing in front of a DHO. *Siembidea v. Coastal Pet Products, Inc.*, 5th Dist. Stark No. 2012-CA-

00128, 2013-Ohio-1629. In *Siembidea,* the IC disallowed the claim, finding lack of compensable mechanism of injury by a medical provider. *Id.* We found the employer was not improperly denied a res judicata defense to the employee's second claim for the same injury because the facts in the case were analogous to the *Greene* and *Fairman* cases, in which the claimants did not submit medical records. *Id.* The order of the DHO in *Siembidea* stated the claim was disallowed "based on the lack of compensable mechanism of injury by a medical provider" and no medical records or medical evidence were submitted to the DHO. *Id.* We found because this order was "not on the merits, the lack of jurisdiction by the common pleas court does not improperly deny appellant a res judicata defense to appellee's second claim." *Id.* See also *Hayton v. Reliable Staffing Resources*, 10th Dist. Franklin No. 19AP-237, 2018-Ohio-4985.

{¶27} We find the facts in this case analogous to those in *Siembidea*, *Greene*, and *Fairman*. The DHO stated the finding was "based upon the lack of evidence currently on file regarding the mechanism of injury" and made the additional finding that "there is currently no medical on file other than the diagnoses." Thus, the initial claim was denied because there was insufficient information submitted. Similar to the *Siembidea*, *Greene*, and *Fairman* cases, the employee did not appeal the first order denying the allowance of the claim, and a second application was filed for the same injury.

{¶28} Appellee also contends the diagnosis listed on the first application in Claim No. 17-223150 is "medical evidence" that the DHO considered for the purposes of res judicata. We disagree. The diagnosis was a statement or a conclusion, not the type of evidence that courts have previously found was medical evidence, such as medical records, medical or treatment notes, diagnostic tests, and/or medical files.

{¶29} Upon our de novo review, we find the DHO's decision denying appellant's first application in Claim No. 17-223150 was not an adjudication on the merits. Therefore, appellant's second application in Claim No. 17-221271 was not barred by res judicata. Appellant's first assignment of error is sustained.

II.

{¶30} In his second assignment of error, appellant contends the trial court committed error by denying his cross-motion for summary judgment and believes this Court should enter judgment allowing him to participate in the workers' compensation fund for the conditions of carpal tunnel syndrome, left, and ganglion cyst, left volar wrist. We disagree.

{¶31} R.C. 4123.512(A) allows a claimant to appeal an order of a staff hearing officer, other than a decision as to the extent of disability, to the court of common pleas. *Clendenin v. Girl Scouts of W. Ohio*, 150 Ohio St.3d 300, 2017-Ohio-2830, 81 N.E.3d 438. The statute authorizes the judge or jury to "determine the right of the claimant to participate or to continue to participate in the fund." *Id.*

{¶32} In this case, we find there is a genuine issue of material fact as to whether appellant is entitled to participate in the fund. While Dr. Seth submitted his diagnosis and conclusion in support of appellant, Dr. Reichert opined there was insufficient objective evidence of carpal tunnel (Exhibit 11 to Affidavit of King; Appellee's Notice of Expert Witness). Accordingly, appellant's second assignment of error is overruled.

{¶33} Based on the foregoing, appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled.

{¶34} The July 1, 2020 judgment entry of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur